PENTAGON ENTERPRISES, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Appellee.

No. 1405.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 21, 1976.

Rehearing Denied Sept. 8, 1976.

John M. O'Quinn, Riddle, Murphrey,
O'Quinn & Cannon, Robert A. Markowitz,
Houston, for appellant.

Charles G. King, Bracewell & Patterson,
Houston, for appellee.

COULSON, Justice.

This is an appeal from a judgment non
obstante veredicto. Pentagon Enterprises
sued Southwestern Bell Telephone Compa-
ny for a continuing trespass by telephone
poles erroneously erected on a tract of land.
The jury returned a verdict favorable to
Pentagon. Judgment non obstante veredic-
to was entered for Bell. We affirm.

Pentagon engages in building and then
leasing commercial structures such as ware-
houses. On June 2, 1972 Pentagon con-
tracted to purchase a tract of land from
Seymour Sacks located in Houston. Penta-
gon planned to build and lease a warehouse
on this tract. Financing for the tract's
purchase was contingent on Pentagon ob-
taining a major tenant committed to lease a
portion of the building. Pentagon obtained
a tenant, Western Merchandisers, to lease
10,000 square feet of the 38,000 square feet
in the planned warehouse. Pentagon was
to close the real estate transaction in Au-
gust of 1972 and to construct Western Mer-
chandisers' warehouse space by January 1,
1973.

A survey of the tract showed two tele-
phone poles and electrical equipment en-
croaching on the property, approximately 4
feet and 10 feet off an adjacent easement.
Both poles had been erected and in place
since 1950. Bell was contacted about re-
moving its encroaching poles in September

of 1972. The poles and equipment were not completely removed until January 17, 1973. On January 18, 1973 Pentagon completed the land purchase from Sacks and took title to the property.

Pentagon sued Bell for the continuing trespass claiming damages as a result of Bell's delay in removing its poles and equipment. Pentagon claimed that because of the delay the warehouse cost more to build, that there were added extra costs of interim financing, that Pentagon incurred expenses in borrowing money to cover added expenses and losses, and that Pentagon lost Western Merchandisers as its major tenant. The jury found that Bell's delay in removing its poles was negligent which proximately caused damages of $71,643.76 to Pentagon. The trial court entered judgment non obstante veredicto that Pentagon take nothing from Bell.

The primary issue is whether Pentagon had a right to sue and recover damages from Bell for a continuing trespass to property to which Pentagon had neither possession nor title. Pentagon had only an equitable right to the property under its contract with Sacks. The contract specifically provided that "possession of the premises shall be delivered to Purchaser (Pentagon) on the date of closing." It is evident that Pentagon did not have title or actual or constructive possession until after the continuing trespass had been abated by Bell. Under these facts we hold that Pentagon possessed no right to sue and recover damages from Bell for its continuing trespass.

The gist of an action of trespass to realty is the injury to the right of possession. 75 Am.Jur.2d *Trespass* § 22 (1974); 87 C.J.S. *Trespass* § 22 (1954). *See also* Restatement (Second) of Torts § 162 (1965); W. Prosser, Law of Torts 68 (3rd ed. 1964). Constructive possession is sufficient to enable the owner to maintain an action for trespass. 75 Am.Jur.2d *Trespass* § 24 (1974). And, an equitable title coupled with the right of possession has been held sufficient to maintain trespass. 87 C.J.S. *Trespass* § 26 (1954). But, a vendee under an executory land contract who has neither actual possession nor an immediate right to possession under the contract can not maintain the action. Annot., 151 A.L.R. 942 (1944). Here, Pentagon was a vendee under an executory contract having neither actual nor an immediate right to possession and consequently can not maintain the action against Bell for trespass.

We are aware that *Texas & P. Ry. v. Bullard*, 127 S.W. 1152 (Tex.Civ.App.—1909, no writ) allowed recovery for a trespass which occurred before the vendee had actual or constructive possession to the land, but this case is contrary to the general rule as discussed above and as followed in *Boyd v. Schreiner*, 116 S.W. 100 (Tex.Civ.App.—1909, writ ref'd). *Boyd* upholds the general rule that a conveyance of land does not transfer the grantor's right of action for damages for a trespass theretofore accruing. If Bell's trespass had continued after Pentagon took title or possession (actual or constructive) to the land, then Pentagon could have maintained an action for trespass for the period after Pentagon had acquired title or possession. *See* Restatement (Second) of Torts § 162, comment *d* at 292 (1965).

The judgment non obstante veredicto is affirmed.

J. CURTISS BROWN, Chief Justice, not participating.