**Jim GEDERS et al., Appellants,**

v.

**AIRCRAFT ENGINE AND ACCESSORY COMPANY, INC., Appellee.**

**No. 20116.**

Court of Civil Appeals of Texas, Dallas.

April 14, 1980.

Steven F. Bright, Graham & Bright, Dallas, for appellants.

Donald R. Black, Marks & Black, Dallas, for appellee.

Before AKIN, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Aircraft Engine and Accessory Company, Inc., appellee, sued Jim Geders, Astro-Wing Airlines, Inc., Astro-Wing Aviation, Inc., Dallas Flight Center and Bradford Boyar, Jr., appellants, for conversion of an aircraft engine which appellee loaned to Boyar. Trial was to a jury, which awarded appellee $5,300 actual damages and a total amount of $35,000 as exemplary damages, which sum was composed of specific amounts against each defendant. We affirm with respect to actual and exemplary damages as to Boyar but reverse and render as to the other appellants.

In October 1975, appellee sold an engine to Brad Boyar, who was president of Astro-Wing Airlines, Inc. The engine was delivered some time in the first part of 1976. Boyar later notified appellee that the engine had failed and Paul Skelton, appellee's employee, loaned Boyar another engine which was delivered around July 2, 1976. Skelton testified that appellee and Boyar orally agreed that upon repair of the failed engine, appellants would return the "loaner" engine as soon as possible. Boyar stated that the agreement was that once the failed engine was repaired and returned, appellants would have a reasonable time to put the repaired engine back on the aircraft. The failed engine was repaired about August 15th and delivered to the location of Astro-Wing Airlines, Inc. and Astro-Wing Aviation, Inc., another corporation doing business as Dallas Flight Center. These two corporations had the same address. The failed but repaired engine and the loaner engine were not exchanged, however, until around December 12, 1976. Appellee's foreman, Robert Handy, testified that he went to the site to pick up the loaner engine, but was told that he could not take it. He then demanded the loaner engine from Jim Geders, president of Astro-Wing Aviation, Inc. but Geders refused to return it. This engine has never been returned to appellee.

The jury returned the following answers to submitted issues:

1. When Plaintiff returned the repaired engine to any of the following Defendants on or about August 15, 1976 did said Defendant(s) fail within a reasonable time thereafter to permit the Plaintiff upon its request to have the return of its "loaner" engine as agreed:

Jim Geders? _____ yes ;
Astro Wing Aviation, Inc.? ____ yes ;
Astro Wing Airlines, Inc.? ____ yes ;
Dallas Flight Center? _____ yes ;
Bradford Boyar, Jr.? _____ yes ;

"Conversion," means the exercise of dominion and control by a person or persons over the property of another in denial of or inconsistent with the known rights of the other person.

2a. If "Yes" to No. 1, then answer; did any of the following Defendants convert the "loaner" engine:

Jim Geders? _____ yes ;
Astro Wing Aviation, Inc.? ____ yes ;
Astro Wing Airlines, Inc.? ____ yes ;
Dallas Flight Center? _____ yes ;
Bradford Boyer? _____ yes ;

2b. If "Yes" to No. 2a., as to any Defendant, then find the month, day and year on which the conversion occurred:
September 15, 1976 .

2c. If "Yes" to No. 2a., as to any Defendant, then find the month, day and year on County, Texas of the "loaner" engine as of the date you found in 2b. above:
$ 5,300.00 .

"Market value" means the amount which would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

An act is willful if it is done knowingly, intentionally, deliberately or designedly.

3. If "Yes" to No. 2a., then answer: was said conversion willful by any of the following Defendants:

Jim Geders? _____ yes ;
Astro Wing Aviation, Inc.? ____ yes ;
Astro Wing Airlines, Inc.? ____ yes ;
Dallas Flight Center? _____ yes ;
Bradford Boyer, Jr.? _____ yes ;

4. If "Yes" as to any Defendant in No. 3, then answer as to said Defendant(s): What amount of U.S. money, if any, should be awarded to Plaintiff against the following Defendant(s) as exemplary damages for the willful conversion of the "loaner" engine:

Jim Geders? _____ 15,000 _____ ;
Astro Wing Aviation, Inc.? __ 5,000 ;
Astro Wing Airlines, Inc.? __ 5,000 ;
Dallas Flight Center? _____ 5,000 ;
Bradford Boyar? _____ 5,000 ;

"Exemplary damages" means compensation for damages which the jury in its discretion may allow in addition to actual damages by way of punishment and as an example for the good of the public and also may include compensation for inconvenience and other losses too remote to be considered under actual damages.

An agent is one who is authorized by another to transact business or manage some affair for him and to render to him an accounting of such transaction.

5. Did Bradford Boyar, Jr., act as an agent, servant or employee of Astro Wing Aviation, Inc., d/b/a Dallas Flight Center in his dealings with the Plaintiff?
Answer: _____ yes _____

6. Did Bradford Boyar, Jr., act in his individual capacity in his dealings with the Plaintiff?
Answer: _____ yes _____

7. Did Jim Geders act in his individual capacity in his dealings with the Plaintiff?
Answer: _____ yes _____

■ Appellants first argue that the court erred in refusing to instruct the jury that there can be no conversion if the person or corporation acquired possession lawfully, no demand for the property was made, and the person or corporation did not refuse to return the property on demand. We conclude that such an instruction was not necessary in this case. Issue Number 1 inquired whether appellee had requested the return of the engine and appellants failed to return it. This was sufficient because this issue also inquired whether a reasonable time to return the engine, per the parties agreement, had elapsed. No objection was made to this issue. When the issue inquired of other facts which would show a conversion, as well as request and failure to return, there was no error in the court's failure to submit the demand and refusal instruction. *See generally, Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138, 141 (1955).

■ Appellants next argue that there is no evidence or alternatively insufficient evidence of conversion by any of the appellants. The jury found that all appellants converted the engine and that the date of the conversion was September 15th. Appellants contend that there is no evidence that anything occurred on September 15th which would support a finding of conversion on that date. We disagree. According to Boyar's testimony, the agreement between appellee and appellants was that after the failed engine was repaired and returned, appellants had a reasonable time to install the repaired engine and return the loaner engine. The record reveals further that the repaired engine was returned about August 15, 1976. Appellee's employee, Skelton, testified that he contacted Boyar at that time and about three weeks later to stress the need for the return of the engine, and that he told Boyar to return the engine as soon as possible. An affirmative answer to Issue Number 1 required the jury to find that appellants failed to return the loaner engine within a reasonable time following the return of the repaired engine. Under this evidence, the jury was justified in concluding that a reasonable time to return the

loaner engine was one month, which expired on September 15, 1976.

The evidence does not, however, support a finding of conversion as to all of the defendants. There is no evidence that appellee was dealing with anyone other than Brad Boyar prior to September 15, 1976. We affirm the finding that Boyar converted the engine. Although the jury found that Boyar was acting in his individual capacity, and as agent for Astro-Wing Aviation, Inc. (Dallas Flight Center) in his dealings with appellee, we cannot sustain the jury's finding with respect to Boyar's agency for Astro-Wing Aviation, Inc. because there is no competent evidence to support it. Skelton testified that Boyar told him that he was working for Astro-Wing Aviation, Inc. d/b/a Dallas Flight Center, and to invoice the engine to that corporation. Notice was sent on a Dallas Flight Center Mailgram that the engine had failed. None of this evidence is competent to show that he was working for Dallas Flight Center because the acts and statements of the agent do not prove agency. *Trahan v. Southland Life Insurance Co.*, 155 Tex. 548, 289 S.W.2d 753, 755 (1956); *Gulf States Paint Co. v. Kornblee Co.*, 390 S.W.2d 356, 359 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.).

We also reverse as to Astro-Wing Airlines, Inc. Although it is undisputed that Boyar was president of Airlines while he was dealing with appellee, this fact alone will not bind his principal for conversion. For a principal to be liable for the tort of his agent, the agent must be acting within the scope of his general authority. *Bass v. Metzger*, 569 S.W.2d 917, 924 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n. r. e.); *National Life & Accident Insurance Co. v. Ringo*, 137 S.W.2d 828, 830 (Tex.Civ.App.— Dallas 1940, writ ref'd). This is a question of fact unless the agent's authority is clearly established. *National Life & Accident Insurance Co. v. Ringo*, 137 S.W.2d at 830. Here, no issue was submitted as to whether Boyar was acting within the scope of authority conferred by Airlines, and the evidence does not clearly establish Boyar's authority. In this respect, Jim Cole, one of the stockholders of Airlines, testified that he asked Boyar to purchase the engine for his plane, which would be used by Airlines. Geders, the only other stockholder of Airlines at the time, testified that he knew that Cole had asked Boyar to buy an engine. This evidence does not establish, as a matter of law, that Boyar was acting within the scope of his authority when he bought an engine from appellee and later made an agreement with appellee concerning a loaner engine, or that his retention of this engine was within that scope of his authority. Absent such a finding, appellee cannot recover against Airlines.

Neither does the evidence support a finding of conversion by Jim Geders on September 15, 1976. Geders had no dealings with appellee concerning the loaner engine before September 15, 1976; therefore, although he might have been liable for conversion at a later date, he cannot be liable for conversion on September 15th. Although Handy, appellee's employee, testified that he called Geders sometime between August 15 and December 12, the time when this conversation occurred is uncertain. Consequently, the judgment against Geders cannot stand.

Appellants also attack the issue and the sufficiency of the evidence relating to exemplary damages. They argue that exemplary damages can be obtained only when defendants have acted with malice. The issue here required only that the jury find that appellants' conversion of the engine was "willful," which was defined as an act done "knowingly, intentionally, deliberately, or designedly." We hold that this issue will support exemplary damages. *Christopher v. General Computer Systems*, 560 S.W.2d 698, 707 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.); *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d 118, 121 (Tex.Civ.App. —Tyler 1975, writ ref'd n. r. e.); *Brown v. Grice*, 357 S.W.2d 620, 621 (Tex.Civ.App.— Austin 1962, no writ).

Appellants argue that under this construction any conversion would give rise

to exemplary damages. We disagree because a conversion can be in good faith. In this connection we note that the definition of conversion which was given to the jury was erroneous. Conversion was defined as "the exercise of dominion and control by a person or persons over the property of another in denial of or inconsistent with the *known* rights of the other person." [Emphasis added.] Such knowledge is not necessary, because a good faith but unauthorized retention of property can be a conversion. *Ligon v. E. F. Hutton & Co.*, 428 S.W.2d 434, 438 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); *Ferrous Product Co. v. Gulf States Trading Co.*, 323 S.W.2d 292, 295 (Tex.Civ.App.—Houston 1959, *affirmed*, 160 Tex. 399, 332 S.W.2d 310 (1960).

Appellants cite *Kroger Food Co. v. Singletary*, 438 S.W.2d 621 (Tex.Civ.App. —Beaumont 1969, no writ) in support of their contention that malice is required. The court in that case held that an award of exemplary damages would be set aside when there was no evidence that the conversion was "of a wanton and malicious nature." 438 S.W.2d at 627. We disagree with that decision to the extent that it holds that to recover exemplary damages, malice, defined as conduct "somewhat of a criminal or wanton nature" is necessary. All that is necessary is a willful and knowing conversion under circumstances showing a lack of good faith. In this case, the definition of "willful" was "knowingly, intentionally, deliberately and designedly" which negates any good faith. In such a situation, malice may be implied. We note that the court in *Kroger* did not expressly state that a willful and knowing conversion is insufficient to support exemplary damages, but stated that a merely unlawful or wrongful act will not support such damages.

Furthermore, the jury's answer to the willful conversion issue is supported by evidence. The agreement between the parties was that Boyar would return the engine within a reasonable time after the failed engine was repaired. The testimony was that the failed engine was repaired and returned and Boyar knew that this loaner engine belonged to appellee and that appellee needed the engine. Despite this knowledge, the loaner engine was not returned.

Appellant's last contention is that the exemplary damages awarded to appellee are excessive. The jury awarded exemplary damages against each appellant in a separate amount. Because we have held that Jim Geders, Astro-Wing Aviation, Inc., Dallas Flight Center, and Astro-Wing Airlines, Inc. cannot be liable for conversion on September 15, 1976, they cannot be liable for the punitive damages assessed against them. This leaves $5,000 exemplary damages assessed against Boyar. Although exemplary damages must be proportionate to actual damages, *Southwestern Investment Co. v. Neeley*, 452 S.W.2d 705, 707 (Tex. 1970), these damages should not be set aside unless it is obvious that the jury was swayed by passion, prejudice or corruption. *Courtesy Pontiac, Inc. v. Ragsdale*, 532 S.W.2d at 122. We hold that the exemplary damages are not excessive here because the $5,000 assessed against Boyar is approximately the same as the actual damages. We affirm, therefore, the award of exemplary damages against Boyar, but reverse the award of exemplary damages against the other appellants.

Accordingly, we reverse as to appellant Jim Geders, Astro-Wing Aviation, Inc., Dallas Flight Center and Astro-Wing Airlines, Inc., and render that appellees take nothing as to them. We affirm as to Boyar on both actual damages and $5,000 exemplary damages. We reverse the award of exemplary damages against the other appellants.