Ernest A. JORGENSEN, Appellant,

v.

STUART PLACE WATER SUPPLY CORP., Appellee.

No. 13–83–508–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1984.

Glen A. Barnard, Harlingen, for appellant.

Craig H. Vittitoe, Harlingen, for appellee.

Before NYE, C.J., and BISSETT and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant Ernest Jorgensen brought suit against Stuart Place Water Supply Corporation (Stuart Place) and Cid Rivas for injuries he received when he was allegedly assaulted by Rivas. Stuart Place filed a motion for summary judgment claiming that Rivas was not their employee, but was an employee of Adams Gardens Irrigation District (Adams Gardens). They claimed that they had a contract with Adams Gardens for maintenance and service work and were not responsible for the acts of Rivas. Stuart Place also sought to avoid liability, asserting that any act committed by Rivas was not in performance of any duties on their behalf. The trial court granted summary judgment in favor of Stuart Place upon the evidence before it. Jorgensen appeals. We reverse the judgment of the trial court.

The burden of proof is on the movant in a summary judgment case. *O.V.*

*Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302 (Tex.1982); *Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296 (Tex.1981). All doubts as to the efficacy of granting the summary judgment must be resolved against the movant, and the evidence admitted as summary judgment proof must be viewed in a light most favorable to the party opposing the motion. *O.V. Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d at 303; *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975). Stuart Place, as the movant, had the burden of establishing that there existed no material issue of fact and that they were entitled to summary judgment as a matter of law. *Griffin v. Rowden*, 654 S.W.2d 435 (Tex.1983); *Mitchell v. Baker Hotel of Dallas, Inc.*, 528 S.W.2d 577 (Tex.1975).

Stuart Place attached to their Motion for Summary Judgment the affidavit of Edward Rowehl, the Chairman of their Board. His affidavit states that Rivas was never paid any remuneration by them. He states that Adams Gardens contracted with them to perform maintenance and service work. Rowehl claimed that Adams Gardens was paid $5.60 per water meter subscriber per month to maintain and service the water system. According to Rowehl, Stuart Place had no employees at the time of the alleged assault on Jorgensen. Prior to filing the Motion for Summary Judgment, Stuart Place made no assertion that Rivas was not their employee. In fact a general denial was filed on behalf of both Stuart Place and Rivas.

The affidavit of Brad Crockett, Chairman of the Board of Adams Gardens was also attached to Stuart Place's Motion for Summary Judgment. Crockett asserted, by affidavit, that, at the time the alleged assault occurred, Rivas was employed by Adams Gardens as its manager. He stated in his affidavit that Rivas was paid by Adams Gardens and served under the direction and control of the Board of Directors of Adams Gardens.

The appellants filed a motion in response to appellee's motion for summary judgment. The affidavit and deposition of appellant Jorgensen were attached to the response. Jorgensen claimed that Rivas came to his mobile home to collect a $35.00 membership fee for water. Appellant attached a letter that he received from Stuart Place to his response to the motion. The letter stated that, as of May 1, 1980, the water system would be owned by Stuart Place. The letter said that Stuart Place's policy was that members would pay a $35.00 membership fee or water meters would be removed. The affidavit and deposition of Alta Jorgensen, appellant's wife, were also included as part of appellant's response. Attached to her affidavit were checks made payable to Stuart Place from the Jorgensens for their water.

In Jorgensen's deposition, he stated that on September 9, 1980, Rivas came to his home and asked him why he would not pay the $35.00 membership fee. Jorgensen claimed that Rivas told him that only four people in the area had not paid the fee. Jorgensen said that he called Rivas a liar, and Rivas hit him. He claims injuries as a result of this assault. Mrs. Jorgensen, in her affidavit, stated that, after the assault, she accompanied the appellant to Dr. McCallum's office. She said that McCallum called the office of Stuart Place Water Supply and asked the name of the manager. According to Mrs. Jorgensen, Dr. McCallum then advised the Jorgensens that the manager was Cid Rivas. Appellant argues that the evidence they presented in their response to the motion for summary judgment shows that, at the very least, Stuart Place exercised some control over Adams Gardens and Cid Rivas.

Stuart Place claims that their summary judgment conclusively proves that Rivas was not their employee but the employee of Adams Gardens. In order to determine whether a relationship is that of employer and independent contractor, or master and servant, the right to control parties in the details of their work is the essential inquiry. *Newspapers, Inc. v.*

*Love,* 380 S.W.2d 582 (Tex.1964); *Evans v. Fort Worth Star Telegram,* 548 S.W.2d 819 (Tex.Civ.App.—Fort Worth 1977, no writ). An "agent" is one who is authorized by another to transact business or manage some affair for him. *Tamburine v. Center Savings Ass'n,* 583 S.W.2d 942 (Tex.Civ. App.—Tyler 1979, writ ref'd n.r.e.). A question of agency is generally one of fact. *Horne v. Charter National Insurance Co.,* 614 S.W.2d 182 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). The agency relationship does not depend upon express appointment or assent by the principal; rather it may be implied from the conduct of the parties under the circumstances. *Dallas Heating Co., Inc. v. Pardee,* 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). One may be an independent contractor under some circumstances, yet may be a servant, agent and employee in connection with other work or activities. *J.T. Clark v. Texaco, Inc.,* 382 S.W.2d 953 (Tex.Civ.App.—Dallas 1964, writ ref'd n.r. e.). For the principal to be held liable for the tort of his agent, the agent must be acting within the scope of his general authority. *Geders v. Aircraft Engine and Accessory Company, Inc.,* 599 S.W.2d 646 (Tex.Civ.App.—Dallas 1980, no writ); *Bass v. Metzger,* 569 S.W.2d 917 (Tex.Civ.App.— Corpus Christi 1978, writ ref'd n.r.e.). This is a question of fact unless the agent's authority is clearly established. *Geders v. Aircraft Engine and Accessory Co., Inc.,* 599 S.W.2d at 650; *National Life and Accident Insurance Co. v. Ringo,* 137 S.W.2d 828 (Tex.Civ.App.—Dallas 1940, writ ref'd).

Here, the affidavits of Rowehl and Crockett deny the existence of an employer-employee relationship between Stuart Place and Rivas. However, the facts elicited in the appellant's deposition, appellant's wife's deposition and the affidavits included as summary judgment proof create a fact issue as to Rivas' actual status on the day of the alleged assault. There appears to be no dispute that Rivas was at the Jorgensen's residence on that date in furtherance of the business of Stuart Place.

We hold that the evidence, which showed that Cid Rivas was seeking to collect money on behalf of Stuart Place, presents a fact question as to the actual status of Rivas on the date of the occurrence. Whether Rivas was an employee of Stuart Place is not dispositive of whether they had the "right to control" Rivas in the details of his work.

The trial court erred in granting summary judgment in favor of Stuart Place. We reverse the summary judgment and remand the case for a trial on the merits.

BISSETT, J., not participating.