**Roy Lee CARGAL, Appellant,**

v.

**Gloria Gail CARGAL, Appellee.**

No. 2–87–179–CV.

Court of Appeals of Texas,
Fort Worth.

May 18, 1988.

---

Johnson & Associates, P.C., Charles E. Perry, Wichita Falls, for appellant.

The Wesbrooks Firm, P.C., Hank Rugeley, Wichita Falls, for appellee.

Before FENDER, C.J., and
BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Appellee, Gloria Gail Cargal, who was the plaintiff below, sued Roy Lee Cargal, appellant, for trespass and conversion. After a nonjury trial, the trial court entered judgment for appellee awarding actual and exemplary damages totaling $19,829.85.

We affirm.

This case revolves around the estate of Bill Cargal. Gloria Cargal, appellee, is the widow of Bill Cargal. Roy Lee Cargal, appellant, is the brother of Bill Cargal.

On June 10, 1983, Bill Cargal purchased the family home located at 1604 30th Street, Wichita Falls, Texas, from appellant. Bill Cargal executed a deed of trust in favor of appellant. At the same time Bill Cargal also bought several items of furniture and appliances, and Bill Cargal and appellee executed a financing statement in favor of appellant for these items.

Until November 10, 1984, appellee and her husband lived together in the Wichita Falls home. On November 10, 1984, Bill Cargal was placed in a rest home, and appellee moved temporarily to Kansas to live with her daughter. Approximately one week prior to her husband's death, appellee returned to Wichita Falls to see her husband at the nursing home. Bill Cargal died November 30, 1984.

On or about November 30, 1984, appellant informed appellee that pursuant to the terms of the deed of trust he was now the owner of the residence in question and of various other personal property. Appellant then instructed appellee to leave the residence. Thereafter, appellee has lived with various relatives outside of Wichita Falls, Texas. However, appellant did not actually foreclose on the family home until May 7, 1985.

In points of error one and two, appellant argues that there was no evidence or, in the alternative, insufficient evidence to support the finding that appellant wrongfully seized appellee's personal property. More specifically, appellant claims: (1) appellee abandoned the personal property in question; (2) there is no evidence appellant had the necessary intent to convert; and (3) there is no evidence of appellant exercising undue influence on appellee.

In reviewing each of appellant's "no evidence" points, we are to consider only the evidence and inferences which tend to support the findings of fact and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). In contrast, in evaluating each of appellant's "insufficient evidence" points, we are required to consider all of the evidence in the case in making this determination. *See Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ Abandonment is an affirmative defense which must be pled pursuant to TEX. R.CIV.P. 94, and failure to plead it results in its waiver. *San Jacinto Sand Co. v. Southwestern Bell Tel. Co.*, 426 S.W.2d 338, 344 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Appellant's trial pleading was "Defendant's Original Answer" which contains no mention of abandonment. Thus, appellant has waived the affirmative defense of abandonment. Additionally, if appellant was asserting the affirmative defense of abandonment in the trial court, then he should have also requested findings in support of such a defense in order to avoid waiver on appeal. *See McKenzie v. Carte*, 385 S.W.2d 520, 528–29 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

Appellant next contends that as a lienholder in the personal property he had the right to repossess the property in default. This security interest right thereby negated the element of intent to convert.

■ Intent is immaterial as to proof of conversion, except as to the issue of exemplary damages. *Kirby Exploration v.*

*Mitchell Energy Corp.*, 701 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). The judgment indicates the trial court awarded appellee actual damages for conversion in the amount of $5,200.00 and exemplary damages for conversion in the amount of $2,500.00. Further, the trial court's findings of fact and conclusions of law listed items, and their fair market values, that were part of Bill Cargal and appellee's community property estate at the time of Bill Cargal's death. These items were alleged to be the "converted property" in appellee's original petition. Only one of these items, a couch, was covered by appellant's financing statement.

■ The record reflects appellant was in possession of the appellee's 1979 Chevrolet Monte Carlo at the time of Bill Cargal's death. Appellant was requested to return the car but refused to do so. Appellant testified he was holding the car to assure payment of Bill Cargal's bills, even though appellant admitted he had no lien on the car. The record also establishes that appellant kept Bill Cargal and appellee's last VA check and used part of it for funeral expenses. The fair market value of these two items alone was $5,300.00. Appellee's sister testified that appellant on several occasions told appellee she could not return to her home to pick up some of her personalty.

■ As for appellant's complaint of no evidence of undue influence, appellee was not required to prove undue influence in her conversion action. Conversion is the unlawful and wrongful exercise of dominion, ownership, or control by one person over the property of another, to the exclusion of the same rights by the owner. *Dolenz v. Nat. Bank of Texas at Ft. Worth*, 649 S.W.2d 368, 370 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.).

After viewing the evidence in support of the trial court's findings on conversion, we find some evidence to support it. Points of error one and two are overruled.

Appellant's next two points of error contend there was no evidence, or in the alternative, insufficient evidence to support the

court's finding that appellant wrongfully interfered with appellee's rights of ownership and possession of the Wichita Falls home which was the proximate cause of the foreclosure on the residence. Appellant argues that he had a right to the possession of the residence by the terms of the deed of trust, and that there was no evidence of the purported necessary element of undue influence.

Appellant attempts to justify his actions by claiming a foreclosure right pursuant to the deed of trust which he held. The deed of trust does provide that in the event of default in the payment of any installment or in the event of the death of the grantor the note shall be due and payable in full. The deed of trust goes on to delineate the procedures then taken in the event of a foreclosure due to a default. Appellant's claim that the property immediately returned to him upon Bill Cargal's death is misplaced. Even assuming the acceleration clause triggered by Bill Cargal's death is valid, appellant had to follow certain specified steps, by law and in accordance with the deed of trust, before the property could be foreclosed upon and before appellant could gain legal rights thereto. See TEX.PROP.CODE ANN. sec. 51.002 (Vernon Supp.1988).

Appellee testified that the day of her husband's funeral appellant informed her that the house automatically reverted to appellant. Appellee further testified that appellant told her, "he was locking the door ... and turning off the utilities" immediately. Dorothy Webb, appellee's sister, who was present when appellant made these statements, corroborated appellee's testimony.

Even though appellee testified that she was under the misbelief that appellant had foreclosed upon her home the day of her husband's funeral, the actual foreclosure did not occur until May 7, 1985, six months after the death of Bill Cargal.

Appellant's assertion that appellee was required to prove undue influence on the part of appellant is without merit. Trespass requires only proof of interference with the right of possession of real property. *Pentagon Enterprises v. Southwestern Bell*, 540 S.W.2d 477, 478 (Tex.Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

In sum, clearly there is some evidence to support the trial court's finding of interference with appellee's property. The record as a whole reflects sufficient evidence to support the trial court's finding that appellant wrongfully interfered with appellee's right of possession to the property in question. Accordingly, points of error three and four are overruled.

Appellant's last two points of error challenge the legal and factual sufficiency of the evidence to support the exemplary damages for trespass and conversion. Exemplary damages are recoverable for willful and knowing conversion and willful trespass. *Moore v. Rotello*, 719 S.W.2d 372, 377 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Geders v. Aircraft Engine & Accessory Co.*, 599 S.W.2d 646, 651 (Tex.Civ.App.—Dallas 1980, no writ). Willful, defined as "knowingly, intentionally, deliberately and designedly," negates any good faith. *Geders*, 599 S.W.2d at 651.

Appellant contends that he acted in good faith due to the foreclosure. Nevertheless, as previously stated, appellant testified that he withheld the car to assure payments of Bill Cargal's bills knowing he had no rights to the car. Appellant similarly withheld from appellee a VA check in which he had no rights. Further, as discussed under points of error three and four, the foreclosure proceedings on the home did not occur until six months after appellant first demanded appellee to leave the premises. We find some evidence and sufficient evidence to support the finding of exemplary damages. Points of error five and six are overruled.

The trial court's judgment is affirmed.