# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00374-CV

**Bryan Montalvo, Teresa Tracey and Jim Tracey, Appellants**

**v.**

**Roger Camp, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-07-002813, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Bryan Montalvo, Teresa Tracey, and Jim Tracey ("the Traceys") sued Elco Consolidated, LLC, the City of Lakeway, Jon Champeny, and appellee Roger Camp for various causes of action arising from the alleged intentional destruction of a portion of the Traceys' driveway by Elco Consolidated, LLC on the orders of Camp and from the City of Lakeway's refusal to permit the Traceys to rebuild it. The Traceys nonsuited Elco Consolidated, LLC and Jon Champeny. The trial court, in separate orders, granted summary judgment for Camp and the City of Lakeway. In a single issue on appeal, the Traceys argue that the trial court erred in granting summary judgment in favor of Camp because questions of material fact exist as to whether the Traceys have a possessory interest in the disputed land.[1] After reviewing the record and considering the Traceys' briefing on

---

[1] The Traceys do not complain of the summary judgment rendered in favor the City of Lakeway.

the issue of this Court's jurisdiction, we conclude that the trial court's order granting summary judgment in favor of Camp did not dispose of all of the Traceys' claims against him. Accordingly, there is no final, appealable judgment. We therefore lack jurisdiction over this appeal and will dismiss it for want of jurisdiction.

The Traceys asserted four claims against Camp: (1) trespass, (2) intentional infliction of emotional distress, (3) negligence, and (4) vicarious liability for the alleged trespass and negligence of Elco Consolidated, LLC. In his motion for summary judgment, Camp did not specify on which of the Traceys' claims he was seeking summary judgment, nor is it readily apparent from the body of the motion or the prayer ("Movants pray that the Court grant this Motion for Summary Judgment . . . ."). Significantly, however, the motion relied solely on the assertion that the Traceys had no property interest in the land on which the destroyed portion of their driveway was built, yet it does not appear that the issue of whether the Traceys had an interest in the property is material to all of the Traceys' claims against Camp. *See Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) (elements of negligence are: (1) legal duty owed by one person to another; (2) breach of that duty; and (3) damages that are proximately caused by breach); *Brewerton v. Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999) (elements of intentional infliction of emotional distress are: (1) defendant acted intentionally or recklessly; (2) conduct was extreme and outrageous; (3) defendant's actions caused plaintiff emotional distress; and (4) plaintiff's emotional distress was severe).

The trial court's order granting Camp's motion for summary judgment is similarly unclear. It states, in pertinent part, that:

2

> Roger Camp . . . [is] entitled to summary judgment as a matter of law because there are no genuine issues of material fact with respect to Plaintiffs' contention that Plaintiff has [sic] a real property interest in the portion of driveway removed.
>
> The Court FINDS that as a matter of law Plaintiffs possess no legally enforceable property right to maintain a permanent improvement in the City's right of way.
>
> Therefore, the court GRANTS the motion for summary judgment.

Thus, the order does not specify which claim or claims against Camp are being disposed of, nor can we reasonably deduce which claim or claims the order intended to dispose of by reference to Camp's motion for summary judgment because, as stated above, the motion is likewise unclear. Furthermore, the trial court's order contains neither a "Mother Hubbard" clause ("All relief not expressly granted is denied.") nor a *Lehmann* statement, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("This judgment finally disposes of all parties and all claims and is appealable."), either of which could have indicated that the trial court intended its order to dispose of all of the Traceys' claims against Camp.

Logically, the trial court's order appears to dispose only of the Traceys' trespass claim against Camp, because having a possessory interest in the property at issue is an element of a trespass claim. *See Coastal Oil & Gas Corp. v. Garza Energy Trust*, 268 S.W.3d 1, 10 (Tex. 2008) ("The gist of an action of trespass to realty is the injury to the right of possession." (quoting *Pentagon Enters. v. Southwestern Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.))). As noted above, however, the Traceys' other causes of action against Camp do not necessarily turn on the Traceys' property rights; therefore, the court's order, given its ambiguity, cannot reasonably be construed to have disposed of those claims.

3

Apart from certain types of interlocutory orders specified by statute, none of which is presented here, this Court has jurisdiction only over appeals from final judgments. *See Lehmann*, 39 S.W.3d at 195; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (listing appealable interlocutory orders). A judgment, order, or series of orders amounts to a final judgment when it (or they) dispose of all parties and all claims. *See Lehmann*, 39 S.W.3d at 206. "[W]hether a judicial decree is a final judgment must be determined from its language and the record in the case." *Id.* at 195. Because we conclude that the order granting summary judgment in favor of Camp did not dispose of all of the Traceys' claims against him, it is not a final, appealable judgment. Consequently, this Court lacks jurisdiction over this appeal. We therefore dismiss this appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   April 28, 2010

4