**Affirmed and Memorandum Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00115-CV

---

### TRUDELL B. FOWLER AND EPHFRAN D. BOYD, Appellants

### V.

### SHANNON L. LUND, Appellee

---

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2008-22826**

---

## MEMORANDUM OPINION

Appellants, Trudell B. Fowler and Ephfran D. Boyd, appeal the trial court's take-nothing judgment on their trespass claim against appellee, Shannon L. Lund. We affirm.

### I. BACKGROUND

The primary dispute in this case is whether the house at issue is located on property conveyed to Eliza Boyd or on an adjacent piece of property.

In 1938, a piece of property was conveyed to Eliza Boyd. Appellants' father built the house in which the Boyd family lived, which has been known as 3315 Linn Street. The Boyd family has occupied the house for approximately sixty years. On September

13, 2005, a final judgment was signed in a delinquent tax suit brought by Harris County and other taxing authorities against Russell Matney. Appellants allege that they never received notice of the tax suit. The foreclosure tax sale occurred on March 7, 2006, and Lund purchased the foreclosed property from Harris County on September 5, 2006. On September 18, 2007, Lund filed a petition for eviction based on non-payment of rent in justice of the peace court against William Boyd and all occupants of the house at issue. On September 26, 2007, the justice court signed a default judgment. On December 17, 2007, Lund received a writ of possession.

Claiming that the house is located on property owned by the Boyd family, appellants filed an application for temporary restraining order, temporary injunction, and permanent injunction on April 15, 2008, seeking to enjoin Lund from selling the property. On April 16, 2008, the trial court signed a restraining order enjoining Lund from selling the property. On April 28, 2008, the trial court issued a temporary injunction.

On October 24, 2008, appellants filed an original petition, alleging that they are the owners of the property on which the house is located, and that Lund had trespassed. Appellants further alleged that Lund purchased only what Russell Matney owned, not their property, and that they never received notice of the foreclosure of the Matney property. By their live pleadings at trial, appellants alleged negligence, trespass, declaratory judgment (adverse possession), suit to quiet title, and intentional infliction of emotional distress. Lund alleged, inter alia, lack of standing, failure to plead trespass to try title, limitations based upon Section 33.54 of the Texas Tax Code, insufficient legal property description, and res judicata and collateral estoppel based upon the tax suit.

On January 28, 2010, the trial court conducted a bench trial. On November 8, 2010, the trial court entered a final judgment, ordering that appellants take nothing on their claims against Lund. Appellants moved for a new trial, which the trial court denied on January 10, 2011. This appeal followed. Appellants bring two issues on appeal: (1)

2

the evidence is legally and factually insufficient to support the trial court's judgment that Lund owns the house located at 3315 Linn Street; and (2) the trial court erred in not rendering judgment for appellants on their claim for trespass. Appellants do not challenge the judgment on their claims for negligence, suit to quiet title, declaratory judgment (adverse possession), or intentional infliction of emotional distress.

## II. STANDARD OF REVIEW

Neither party sought findings of fact or conclusions of law. In the absence of written findings, we imply that the trial court made all necessary findings to support the trial court's judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). The trial court's judgment will be affirmed if it can be upheld on any basis that has support in the record under any theory of law applicable to the case. *Curtis v. Comm'n for Lawyer Discipline*, 20 S.W.3d 227, 231 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When, as here, a reporter's record is included in the record on appeal, the implied findings may be challenged for legal and factual sufficiency. *Roberson v. Roberson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). The legal and factual sufficiency standards of review for jury findings apply to a trial court's implied findings of fact. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).

When an appellant complains of the legal sufficiency of the evidence supporting an adverse finding on which the appellant had the burden of proof, he must show the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the fact finding, crediting favorable evidence if reasonable persons could, and disregarding contrary evidence unless reasonable persons could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). If there is no evidence to support the finding, then we must examine the entire record to see if the contrary position is established as a matter of

3

law.  *Dow Chem. Co.*, 46 S.W.3d at 241.  We sustain the issue only if the contrary position is conclusively established.  *Id.*

When an appellant attacks the factual sufficiency of an adverse finding, he must demonstrate the adverse finding is against the great weight and preponderance of the evidence.  *Id.*  We must consider and weigh all the evidence and can set aside the finding only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.  *Id.*

## III. ANALYSIS

### A. Trespass

In their second issue, appellants claim the trial court erred by not rendering judgment for appellants on their claim for trespass.  Trespass to real property occurs when a person enters another's land without consent.  *Pharaoh Oil & Gas, Inc. v. Ranchero Esperanza, Ltd.*, 343 S.W.3d 875, 882 (Tex. App.—El Paso 2011, no pet.); *Wilen v. Falkenstein*, 191 S.W.3d 791, 797 (Tex. App.—Fort Worth 2006, pet. denied); *see also Castano v. San Felipe Agric., Mfg. & Irrigation Co.*, 147 S.W.3d 444, 452 (Tex. App.—San Antonio 2004, no pet.) ("A trespasser is one who, without having title thereto, makes entry upon land without consent of the true owner.").  To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff.  *Pharaoh Oil & Gas, Inc.*, 343 S.W.3d at 882; *Wilen*, 191 S.W.3d at 798. The gist of an action for trespass to realty is the injury to the right of possession. *Lighthouse Church of Cloverleaf v. Tex. Bank*, 889 S.W.2d 595, 599 n.3 (Tex. App.— Houston [14th Dist.] 1994, writ denied) (op. on reh'g); *Pentagon Enters. v. Sw. Bell Tel. Co.*, 540 S.W.2d 477, 478 (Tex. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.). Property ownership or a right to physical possession of real property is a necessary element of a trespass claim.  *Seber v. Union Pac. R.R. Co.*, 350 S.W.3d 640, 653 (Tex.

App.—Houston [14th Dist.] 2011, no pet.); *see also Cullens v. Foster*, 171 S.W.3d 521, 531 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (to establish a claim for trespass, the appellee "was required to establish title to, ownership of, or right of possession in, the disputed property").

Appellants' surveyor, William Anderson, concluded that the entire house is located on the Boyds' property. Anderson testified, however, that he is not able to determine the dimensions of the Boyds' property from the partition deed granting the property to Eliza D. Boyd.[1] The information to draw the property lines shown on Anderson's survey came from an 1898 judgment. Moreover, Anderson acknowledged that the 1938 deed granting the property to Eliza D. Boyd does not tie in directly to the 1898 judgment, and it is possible that transfers subsequent to 1898 could have affected the size of the lots shown on his survey. Anderson further stated that he cannot locate the Stinson plat referenced in the 1938 partition deed.

Anderson testified that there is not a metes and bounds description of the Boyds' property. Anderson admitted that he does not know all the dimension of the Boyds' property, and he cannot give the full measurements of what property belongs to the Boyds.

Lund's surveyor, Henry T. Weber, testified that the house primarily lies on Lund's property. Weber was critical of Anderson's opinions. First, he testified that he did not see a "point of beginning" on Anderson's survey and, without a point of beginning, Anderson's survey cannot be used to determine the boundaries for the Boyd and Lund properties. Weber opined that a surveyor should be able to start at a point of beginning and, following the "calls" or directions and distances, return to the point of beginning, thereby enclosing the entire piece of property. As for his own survey of Lund's property,

---

[1] The partition deed granting the property to Eliza Boyd states: "Share No. Five (5) of the partition of the R. L. Douglas tract being a part of the Karcher tract out of Lot No. Six (6) block 176 of the S. M. Harris Survey, Harris County, Texas, as per plat thereof made by A. C. Stinson, Harris County County [sic] Surveyor, dated March 25th, 1938."

Weber testified that he located the point of beginning and was able to return within a "tolerance" or a tenth of a foot from the point of beginning.[2]

With regard to Weber's survey, Anderson testified that Weber used the wrong point of beginning. Anderson assumed that Weber used a fence post in determining a point of beginning. However, Weber testified that he did not use a fence post for any of his measurements, but found the point of beginning was a 5/8th inch rod. Kerry Briggs, a right-of-way consultant, also concluded that Weber's survey was done incorrectly because Weber started his survey from the opposite direction. Briggs acknowledges that he is not a surveyor and does not locate property boundaries. Weber testified that all standards were followed in his survey.[3]

The parties claim they were in possession of the house on December 17, 2007. However, Trudell Fowler testified that she has owned and lived in her own home for thirty years. Ephfran Boyd testified that he resided it 3315 Linn Street on December 17, 2007, and that he moved to 3610 Cactus after he was evicted from the house at 3315 Linn Street. However, the evidence showed that Ephfran Boyd entered into a lease agreement with his brother, William Boyd, for 3610 Cactus on November 1, 2007, several weeks before the December 17, 2007 eviction.

In summary, appellants and Lund presented conflicting testimony by their respective surveyors regarding the boundaries of the Boyd and Lund properties and where the house is located. In a bench trial, the trial court is the sole judge of the

---

[2] Weber further testified that Anderson's survey shows the house as a rectangle rather than a six-sided structure. Pictures of the house admitted into evidence reflect that the house has six sides.

[3] Appellants complain that Weber based his survey on field work performed by a technician employed by Survey 1, Inc., who did not testify at trial. Weber reviews the field work and determines whether it "is appropriate enough to issue a drawing," which he stamps and signs, certifying that it is correct. Weber testified that, in the normal course and scope of his job as a professional registered land surveyor, he takes information from persons employed by Survey 1 in the preparation of a survey. Appellants further complain that Weber did not take into account the "save and except" language from the tax resale deed to Lund regarding a 50-foot by 20.5-foot piece of property. Weber, however, testified that he took that piece into consideration.

6

credibility of the witnesses, assigns the weight to be given their testimony, and resolves any conflicts or inconsistencies in the testimony. *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.). The evidence is legally and factually sufficient to support the trial court's implied finding that appellants did not establish that they owned the property on which the house is located or that they had the right to possess the property. We overrule appellants' second issue.

## B. Ownership of the House

In their first issue, appellants claim that the evidence is legally and factually insufficient to support the trial court's judgment that Lund owns the house located at 3315 Linn Street. However, the trial court included no such finding in its judgment. Rather, in its final judgment, the trial court ordered that appellants "take nothing by their suit." Appellants did not plead trespass to try title, a fact repeatedly highlighted by Lund; and Lund did not counterclaim with an action for trespass to try title. Therefore, the trial court did not enter judgment that Lund owns the house. Indeed, the trial court did not resolve issue of who owns the house.[4] We overrule appellants' first issue.

Having overruled appellants' issues, we affirm the trial court's judgment.

/s/     Sharon McCally
         Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

---

[4] At oral argument, Lund's attorney stated neither party could prove title to the property. We take no position on whether either party could prove title to the property or whether either party may seek adjudication of this issue by another suit.