GULF COAST SAILBOATS,
INC., Appellant,

v.

Louis R. McGUIRE et al, Appellee.

No. A2532.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 29, 1981.
Rehearing Denied June 3, 1981.

Bill R. Bludworth, Wood, Lucksinger & Epstein, Houston, for appellant.

Kurt Arbuckle, Emmott & Arbuckle, P. C., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an award of damages resulting from a private nuisance. Appellees alleged that odors and particles produced by Appellant's fiberglass fabricating operations drifted onto their property substantially interfering with its use and enjoyment by Appellees and resulting in damage to their health. The jury found the operation of the facility to be a nuisance to Appellees at various times between December 1, 1974 and June 7, 1977 and the damages to be $52,500. The trial court reduced the award to $50,140 because of certain pre-trial admissions regarding medical expenses and entered judgment for that amount. We affirm.

Appellant brings four points of error. In the first, Appellant contends that the trial court erred in not granting its Amended Motion for New Trial based on jury misconduct. It was established that one juror, a special education teacher, commented to the other jurors that she had found in her special line of work that children may be adversely affected in later years by medical problems experienced in the early years of their development. Appellant contends that such a statement, being outside of the record, influenced the deliberations of the jurors and caused material harm to Appellant.

A movant for new trial based on jury misconduct must show the following: 1) an overt act of misconduct, 2) that the misconduct was material, and 3) that injury probably resulted. *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex.1969). Casual improper remarks during deliberations are harmless where there is no evidence that the jurors related these remarks to the case before them. *Dealer's National Insurance Company v. Simmons*, 421 S.W.2d 669 (Tex. Civ.App.—Houston [14th Dist.] 1967, writ ref'd n. r. e.).

Only one juror could recall the improper statement. Other jurors testified that whenever an extraneous comment was made, the foreman admonished the jurors to consider only the evidence presented in the case. While the statement complained of was misconduct, there is no indication that this statement had any effect on the deliberations and verdict of the jury. The statement itself related to damages arising in the future and no such damages were awarded. Appellant's first point of error is overruled.

Appellant contends that the court below erred in not granting its Motion for Judgment N.O.V. because Appellees' cause of action is barred by the two year Statute of Limitations, at Tex.Rev.Civ.Stat.Ann. art. 5526. Appellant contends that the alleged

nuisance must be considered permanent requiring Appellees to bring their suit within two years from the initial creation of the nuisance.

■■■ It is well settled that where the nuisance complained of is permanent in nature, the Statute of Limitations bars any action if it is not brought within two years of the occurrence of the first actionable injury. On the other hand, where the nuisance complained of is temporary in nature, the Statute of Limitations bars only those events which occurred more than two years prior to the filing of the lawsuit and an action may be brought for damages accrued by the time of trial and occurring within two years of the filing of the lawsuit. *Atlas Chemical Industries, Inc. v. Anderson*, 524 S.W.2d 681 (Tex.1975). A permanent nuisance is one which is "constant and continuous, not occasional, intermittent or recurrent." Id. p. 684. A temporary nuisance is one in which the interference with the use and enjoyment of the premises "is not continuous but is sporadic and contingent upon some irregular force such as rain." Id. p. 685. The record reveals that the presence of odors and particles complained of depended upon the direction of the wind and other atmospheric conditions and was usually noticeable about three times a week during most of the year and somewhat more often during the summer months. The jury found that the operation of Appellant's facility caused a nuisance *at various times*. The jury thus held that the nuisance was temporary in nature. This was supported by the evidence. The action of Appellees is thus not barred by the two year Statute of Limitations.

In its last two points of error Appellant complains that the evidence was insufficient to support the findings of the jury that the operation of the fiberglass fabricating facility by Appellant was a nuisance to the Appellees and that the nuisance was the proximate cause of damages suffered by the Appellees.

■■■ In determining "insufficient evidence" points we must weigh and consider all of the evidence both for and against the findings of the jury. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). We find ample evidence to support the findings of the jury. The jury is the best judge of the credibility of the witnesses and the weight to be given their testimony. The testimony of expert witnesses must be taken as true insofar as it establishes facts but opinions as to deductions from those facts are not binding on the trier of fact. *Gregory v. Texas Employers Insurance Association*, 530 S.W.2d 105 (Tex.1975); *Broussard v. Moon*, 431 S.W.2d 534 (Tex.1968). Appellant's final two points of error are overruled.

The judgment of the court below is affirmed.