Andrea L. BATES et al., Appellant,*

v.

SCHNEIDER NATIONAL CARRIERS, INC.; Atofina Chemicals, Inc. (Formerly Elf Atochem North America, Inc.); Elf Atochem Plating, Inc.; GB Sciences Corporation; Reichhold Chemicals, Inc.; Aluminum Chemical, Inc. d/b/a Coastal Products & Chemical Company; Merisol USA LLC f/k/a Merichem Sasol USA LLC; Ritchie Brothers Auctioneers, Inc.; Ritchie Brothers, Inc.; Jones Chemicals, Inc., Appellees.

No. 01–00–01132–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 7, 2002.

Rehearing Overruled Jan. 9, 2003.

---

* The full list of appellants appears in the Court's judgment.

Allen Eli Bell, Austin, for appellant.

Robert M. Schick, Amy Douthitt Maddux, James Riley, James E. Smith, Mary C. Thompson, Marvin B. Peterson, Mark C. Rodriguez, Eleanor Hebert Hodges, Michael Lamar Brem, Houston, Guy M. Hohmann, Scott Boyd Herlihy, Austin, for appellee.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.[1]

## OPINION

SAM NUCHIA, Justice.

Appellant, Andrea L. Bates, and others similarly situated ("appellants") sued appellee Schneider National Carriers, Incorporated and nine other defendants ("the companies") for nuisance, trespass, negligence, negligence per se, and gross negligence. The companies moved for partial summary judgment as to certain plaintiffs, asserting limitations as a defense. The district court granted the partial summary judgment, and appellants nonsuited the remaining claims. *See* TEX.R. CIV. P. 162. In this appeal, appellants assert three issues, which we reorder as follows: (1) the trial court erred in granting the companies' motions[2] for partial summary judgment on appellants' causes of action and (2)—(3) the trial court erred in denying appellants' motion for continuance of the summary judgment hearing and appellants' motion to reconsider the denial of that motion.

## FACTUAL AND PROCEDURAL HISTORY

Appellants are a group of citizens who reside in close proximity to manufacturing plants operated by the companies. They allege that over a period of years they have been subject to nuisance conditions caused by emissions of noise, light, chemicals, dust, odors, and various other substances. Such conditions, they further allege, have resulted in damages including physical discomfort, annoyance, mental anguish, loss of use and enjoyment and rental value of real property, and cost of repairing real and personal property.

Appellants filed suit on October 5, 1998. On February 17, 1999, the companies filed a motion for the entry of a "Lone Pine" order,[3] which the trial court granted. After a series of motions relating to the enforcement of the Lone Pine order, the companies filed a motion for partial summary judgment on January 7, 2000. In their motion, the companies claimed that, based on the facts alleged in the appellants' own affidavits, appellants were precluded from going forward by the applicable statute of limitations. Appellants filed their response to the motion for summary judgment and a motion for continuance of the summary judgment hearing. Also, on the same day, appellants filed their fourth amended original petition in which they requested damages for the "two-year period immediately preceding the filing of their lawsuit" exemplary damages, and injunctive relief.

## DISCUSSION

■ The issue before us in this case is a narrow one. We must determine whether

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

2. One of the companies filed a separate motion for partial summary judgment in the trial court.

3. The term "Lone Pine" order originates from a New Jersey case in which the trial court entered an order "designed to handle the complex issues and potential burdens on defendants and the court in mass tort litiga-tion." *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir.2000) (citing *Lore v. Lone Pine Corp.,* No. L–33606–85, 1986 WL 637507 (N.J.Super.Ct.1986)). In this case, the Lone Pine order was entered on May 6, 1999, requiring, among others, all plaintiffs to file, within 60 days, an affidavit providing personal information related to the suit. Moreover, the order required, within 90 days, affidavits providing with specificity information related to physical ailments and property damage suffered by the plaintiffs.

the facts as asserted in appellants' affidavits raise a fact issue as to whether their damages result from a permanent nuisance or a temporary nuisance.

■■■ The standard for reviewing a summary judgment is whether the successful movant at the trial level carried its burden of showing there is no genuine issue of material fact and that judgment should be granted as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). In conducting the review, all evidence favorable to the non-movant is taken as true, and all inferences are made in favor of the non-movant. *Id.* A defendant seeking summary judgment on the ground of statute of limitations must: (1) prove when the cause of action accrued and (2) negate the discovery rule by proving as a matter of law there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury.[4] *Id.* If the movants, the companies, establish that the statute of limitations bars the action as a matter of law, the non-movant must then adduce summary judgment proof that raises a fact issue to avoid the statute of limitations. *Id.*

■■■ An action for damages based on nuisance is governed by the two-year period of limitations.[5] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp.2002); *Stein v. Highland Park ISD*, 540 S.W.2d 551, 554 (Tex.Civ.App.-Texarkana 1976, writ ref'd n.r.e.). The accrual of this two-year period depends upon whether the nuisance is temporary or permanent. *Ba-*

*youth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984); *Gulf Coast Sailboats, Inc. v. McGuire*, 616 S.W.2d 385, 387 (Tex.App.-Houston [14th Dist.] 1981, writ ref'd n.r.e.). Permanent injuries to land give rise to a cause of action for permanent damages, which are normally measured as the difference in value of the property before and after the injury. Temporary injuries to land give rise to temporary damages, which are the amount of damages that accrued during the continuance of the injury covered by the period for which the action is brought. *Bayouth*, 671 S.W.2d at 868. The character of an injury as either permanent or temporary is determined by its continuum. The injury must be constant and continuous, not occasional, intermittent, or recurrent. Temporary injuries, however, have been found where the injury is not continuous, but is sporadic and contingent upon some irregular force such as rain. *Id.* Another characteristic of a temporary injury is the ability of a court of equity to enjoin the injury-causing activity. An injury that can be terminated cannot be a permanent injury. *Kraft v. Langford*, 565 S.W.2d 223 (Tex.1978).

■■■ An action for permanent damages to land accrues, for limitation purposes, upon discovery of the first actionable injury and not on the date when the extent of the damages to the land are fully ascertainable. *Bayouth*, 671 S.W.2d at 868. An action for permanent damages to land must be brought within two years from the time of discovery of the injury. Damages for temporary injuries may be recovered for the two years prior to filing suit. *Id.*

---

4. "When the plaintiff pleads the discovery rule as an exception to limitations, the defendant must negate that exception as well." *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 531 (Tex.1997). Appellants pleaded the discovery rule in their fourth amended original petition.

5. The companies' motion for partial summary judgment is directed only at those appellants who have resided at their address for at least two years prior to the filing of this lawsuit.

The companies submitted with their motion for summary judgment the affidavits of appellants completed pursuant to the Lone Pine order. Uniformly, the affidavits state: "The conditions that have resulted in my claims are ongoing and occur frequently"; "Air pollution that has caused my complaints has occurred on an ongoing basis since I have lived here"; "I have been exposed on a regular basis to one or more of these substances and possibly others"; and "One or more of my symptoms/complaints occur each time the wind is out of the south, when conditions are humid, or when it rains." Other, more individualized statements by various appellants further state the nature of the nuisance:

- "At nighttime I often had difficulty breathing. I could not spend any time outside and when I did I would get severe headaches.... When I was inside I would keep my windows closed at all times to keep the foul odor out."

- "I have a picnic table in the back yard which is constantly covered in a black film."

- "I have to keep my windows shut at all times and can still sometimes hear the loudspeakers, explosions, and equipment at the plant."

- "We always have to keep the windows and doors closed and stay inside because of the foul odors.

- "Since residing in this area, I have experienced constant sinus problems. Also, the foul odor constantly bothers me."

- "It smells so bad that you cannot sit outside and enjoy it. The dust is also really bad and covers our house and cars constantly."

- "Since residing in this area, I have experienced constant sneezing and watery eyes.... My car is always dirty and the paint is almost ruined. There is constantly dust in my house and I always have to oil my furniture."

The affidavits also establish that appellants have lived in the area for more than the two years preceding the filing of the lawsuit.[6] Based on these assertions, the companies argue the alleged nuisance is permanent; and, hence, appellants' claims are barred by the two-year statute of limitations. *See City of Abilene v. Downs,* 367 S.W.2d 153, 157 (Tex.1963); *Mitchell Energy Corp. v. Bartlett,* 958 S.W.2d 430, 436 (Tex.App.-Fort Worth 1997, pet. denied).

Appellants counter with the argument that whether a nuisance and the resulting damages are temporary or permanent in nature is a fact question. For that proposition, appellants cite to *·Bayouth,* 671 S.W.2d at 868; *Mitchell Energy,* 958 S.W.2d at 436; and *Gulf Coast Sailboats, Inc.,* 616 S.W.2d at 387. However, those cases do not stand for the proposition that whether a nuisance is permanent or temporary is always a fact question. In *Bayouth,* the court noted that the affidavit of an expert stated that "the damage was sporadic, intermittent, not constant and irregular depending on the rainfall." *Bayouth,* 671 S.W.2d at 869. Based on the expert's statements, the court concluded the "affidavit alone raises a question as to the nature of the damage...." *Id.* The two other cases relied upon by appellant involved jury trials. In all, what we can clearly glean from these and other cases is that when the facts are undisputed the question becomes one for the court. *Compare Bayouth,* 671 S.W.2d at 869 (fact issue whether saltwater migration was temporary or permanent injury); *Mitchell*

---

**6.** One or more of the appellants has since moved. However, they remain part of the lawsuit for injuries suffered while living in close proximity to the companies' plants.

*Energy,* 958 S.W.2d at 436 (jury found injury to property was "ongoing and continuous"); *Gulf Coast Sailboats, Inc.,* 616 S.W.2d at 387 (jury found nuisance occurred "at various times"); *Meat Producers, Inc. v. McFarland,* 476 S.W.2d 406, 409 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.) (jury found nuisance was permanent); *with Kraft v. Langford,* 565 S.W.2d 223, 227 (Tex.1978) (court erred in submitting jury issue as to permanent damages when only evidence showed that nuisance was temporary); *Youngblood's, Inc. v. Goebel,* 404 S.W.2d 617 (Tex.Civ.App.-Waco 1966, writ ref'd n.r.e.) (whether nuisance was temporary or permanent was not an issue for jury where facts established its temporary nature as a matter of law).

In their brief, appellants argue that nowhere in their affidavits do they describe the alleged nuisance as being "continuous," "constant," or "continuing." They also assert that, according to the affidavits, the complained of acts occur only when the wind is blowing from a certain direction, thus making the nuisance dependent on some irregular occurring force. This contradiction within the affidavits, appellants argue, means that a fact question exists regarding whether the alleged nuisance is temporary or permanent.

Appellants also argue that a distinguishing feature between a permanent and temporary nuisance is the abatability of the nuisance. For that argument, appellants rely on *Kraft v. Langford. Kraft,* 565 S.W.2d at 227. In *Kraft,* the court stated, "Another characteristic of a temporary injury is the ability of a court of equity to enjoin the injury causing activity. An in-

jury which can be terminated cannot be a permanent injury." *Id; but see City of Odessa v. Bell,* 787 S.W.2d 525, 530 (Tex. App.-El Paso 1990, no writ) (observing that the abatability discussion in *"Kraft* spoke only of 'characteristic' of a temporary injury").[7] Submitted with appellants' opposing motion was the affidavit of appellants' expert. In it, the expert expresses his opinion regarding the nature of the companies' plants and how he believes those plants create a nuisance by their operation. Though the expert expresses no opinion regarding whether the alleged nuisance is permanent or temporary, he makes some general statements regarding how each defendants' operations could be changed to prevent or reduce the nuisance conditions.

After making every reasonable inference in appellants' favor regarding how often the damages occur and the possibility and feasibility of an injunctive remedy, we conclude that a genuine issue of material fact exists as to whether the nuisance alleged is permanent or temporary. We sustain appellants' first issue.

Appellants also contend the trial court erred in denying their motion for continuance of the summary judgment hearing and their motion for reconsideration of that denial. In view of our ruling on appellants' first issue, we need not address the other issues.

We reverse the judgment of the trial court and remand.

---

**7.** While we express doubt about drawing a distinction between a permanent and temporary nuisance based on such a general principle—after all, "any nuisance man creates, man can abate, so that it seems clear that the question is not the possibility of abatement but rather its likelihood"—we believe we must follow the *Kraft* decision. 58 AM.JUR.2D *Nuisance* § 29 (1989) [and cases cited therein].