NO. 07-02-0168-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 24, 2003

_____

RAUL RESENDEZ a/k/a RESENDEZ & ASSOCIATES
a/k/a RESENDEZ & ASSOCIATES, INC.,

Appellant

v.

PACE CONCERTS, INC., SFX ENTERTAINMENT, INC.,
and PACE CONCERTS, LTD.,

Appellees

_____

FROM THE 215TH DISTRICT COURT OF HARRIS COUNTY;

NO. 00-14235; HON. LEVI J. BENTON, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Appellant Raul Resendez a/k/a Resendez & Associates a/k/a Resendez & Associates, Inc. appeals from a summary judgment granted in favor of Pace Concerts, Inc., SFX Entertainment, Inc., and Pace Concerts, Ltd. The dispute involved whether Resendez and Pace entered into a ten-year partnership to promote various musical concerts worldwide. Pace argued, among other things, that any agreement between the parties

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

was unenforceable due to the Statute of Frauds and sought a declaratory judgment. In turn, Resendez sought damages under various theories of law. The only one pertinent here is fraudulent inducement. Upon hearing Pace's motion for summary judgment, the trial court concluded that the Statute of Frauds did indeed bar enforcement of the partnership agreement described by Resendez for it was not in writing. So too did it award Pace attorney's fees under the authority of the Uniform Declaratory Judgments Act.

Resendez now presents us with two issues. The first concerns the Statute of Frauds and its effect upon a claim of fraudulent inducement. The second involves the award of attorney's fees. For the reasons which follow, we overrule issue one and its subparts, dismiss issue two as moot, and affirm the judgment of the trial court.

### Issue One — Statute of Frauds and Fraud in the Inducement

a. Benefit of the Bargain Damages Allegedly Recoverable Despite Statute

We first address Resendez' contention that "benefit of the bargain damages are recoverable for fraudulent inducement regardless of whether the fraudulently induced agreement is enforceable under the Statute of Frauds" and conclude that they are not. That conclusion is all but dictated by the recent Supreme Court decision in *Haase v. Glazner*, 62 S.W.3d 795 (Tex. 2001). There, the court expressly held that "the Statute of Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the benefit of a bargain that cannot otherwise be enforced because it fails to comply with the Statute of Frauds."[2] *Id*. at 799. It so held after reasoning that a plaintiff's receipt of

---

[2]The court did not prevent recovery of "out-of-pocket" damages, however. *Haase v. Glazner*, 62 S.W.3d 795, 796 (Tex. 2001).

damages measured by the benefit of the bargain was tantamount to enforcing a contract rendered unenforceable by the Statute of Frauds. *Id.* And, to permit the use of a particular cause of action (in this case a fraud claim) to, in effect, enforce a contract unenforceable due to the Statute of Frauds would be to render the Statute of Frauds meaningless. *Id.* So, it held that the Statute barred the plaintiff from recovering the benefit of his bargain. The same reasoning is no less applicable when the cause of action being pursued is fraud occurring in the inducement of a contract and the damages sought are measured by the benefit of the bargain.

Fraudulent inducement is a mere sub-species of fraud, in general. *Id.* at 798-99. And, assuming one can recover damages equal to the benefit of the bargain under both theories, no practical distinction exists between the effect of seeking those particular damages under either theory. In other words, and like the claimant in *Haase*, Resendez is no less trying to do that which is barred by the Statute of Frauds; he is, for all practical purposes, trying to enforce the agreement by recovering the benefit he would have received under the contract. It does not matter that Resendez claims fraud in the inducement, as opposed to fraud, because the result is the same; in each instance, the Statute of Frauds is being deprived of any effect. And, it was that result which the Supreme Court sought to prevent from occurring in *Haase*. So, *Haase* not only guides our decision here but also compels us to conclude that Resendez cannot assert fraud in the inducement to recover damages measured by the benefit of the bargain when the contract manifesting the bargain is unenforceable due to the Statute of Frauds.

3

*b.*     *Statute of Frauds Allegedly Inapplicable*

Next, we consider Resendez' contention that "the Statute of Frauds does not preclude enforcement of the partnership agreement because the statute . . . cannot be used as an engine of fraud." The extent and meaning of this contention is somewhat unclear. Nevertheless, we derive two potential aspects from it. The first involves whether the Statute of Frauds applies when the party seeking recovery avers a claim sounding in fraud. The second concerns whether partial performance of the agreement rendered the Statute inapplicable. Irrespective of which one Resendez actually intended to pursue, neither obligates us to reverse the summary judgment.

As to the former, we again look to *Haase* as controlling. There, the Supreme Court had before it one seeking damages purportedly arising from fraud and another attempting to defeat the claim by invoking the Statute of Frauds. The latter won. So, in effect, the Supreme Court permits application of the Statute in those situations wherein a party seeks damages recompensing a purported fraud.

As to the matter of partial performance of an oral agreement, we acknowledge that such may insulate the agreement against the Statute of Frauds. *See e.g., Hooks v. Bridgewater*, 111 Tex. 122, 229 S.W. 1114, 1116 (1921) (involving the conveyance of realty); *Welch v. Coca-Cola Enterprises., Inc.*, 36 S.W.3d 532, 539 (Tex. App.– Tyler 2000, no pet.) (involving the placement of vending machines on school property for five years). Yet, before it can be so insulated, several criteria must be satisfied. For instance, 1) the party attempting to enforce the accord must have acted in reliance upon it and suffered a substantial detriment for which there is no adequate remedy and 2) his opponent must be

4

in the position of reaping an unearned benefit if the Statute is applied. *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d 429, 439 (Tex. App.– Dallas 2002, pet. denied); *Welch v. Coca-Cola Enterprises., Inc.*, 36 S.W.3d at 539. So too must it be shown that the complainant's partial performance was unequivocally referable to the agreement and corroborative of the fact that the contract was actually made. *Chevalier v. Lane's Inc.,* 147 Tex. 106, 213 S.W.2d 530, 533-34 (1948); *Exxon Corp. v. Breezevale Ltd.*, 82 S.W.3d at 439. Furthermore, since Resendez raised the spectre of part performance in an effort to defeat Pace's demand for summary judgment based on the Statute of Frauds, the burden lays with him to present evidence sufficient to raise a question of fact upon each of the various criteria mentioned. *See Bates v. Schneider Nat'l Carriers, Inc.*, 95 S.W.3d 309, 312 (Tex. App.– Houston [1st Dist.] 2002, no pet.) (stating that if the summary judgment movant establishes his affirmative defense as a matter of law, then the non-movant must present evidence that raises a fact issue to avoid the defense); *Whittenburg v. Cessna Fin. Corp.*, 536 S.W.2d 444, 445 (Tex. App.– Houston [14th Dist.] 1976, writ ref'd n.r.e.) (stating that where the non-movant has alleged an affirmative defense, he must offer proof that there is a material fact issue on that affirmative defense). Yet, he did not do so. That is, he neither discussed the criteria mentioned in *Chevalier*, *Exxon*, or *Welch* when asserting that the Statute of Frauds cannot be "an engine of fraud" nor cited us to any evidence purporting to illustrate the existence of each criteria at bar. More importantly, it is not our duty to search the record for such unmentioned evidence. *Casteel-Diebolt v. Diebolt,* 912 S.W.2d 302, 305 (Tex. App.– Houston [14th Dist.] 1995, no pet.). Thus, Resendez failed

5

to carry his burden on appeal of illustrating how and why his claim of part performance barred the trial court from rendering summary judgment.

### Issue Two — Attorney's Fees

In his second issue, Resendez contends that the trial court improperly awarded attorney's fees under the Declaratory Judgments Act. This is so, Resendez argues, because Pace requested a judgment declaring that the parties were not currently and had never been partners. Instead of so concluding, the trial court purportedly assumed there was a partnership agreement but held it unenforceable since it violated the Statute of Frauds. Pace argues that this portion of the appeal should be dismissed because Resendez voluntarily paid the judgment. We agree.

Generally, when a judgment debtor voluntarily pays and thereby satisfies a judgment rendered against him, the cause becomes moot and must be dismissed. *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982); *Tubb v. Vinson Exploration, Inc.*, 892 S.W.2d 183, 184-85 (Tex. App.–El Paso 1994, writ denied). This rule exists to prevent a litigant who "*freely* decided to pay a judgment" from "mislead[ing] his opponent into believing that the controversy is over . . . ." *Highland Church of Christ v. Powell*, 640 S.W.2d at 236 (emphasis added). Yet, if payment is involuntary, the rule does not apply. *Riner v. Briargrove Park Property Owners, Inc.*, 858 S.W.2d 370 (Tex. 1993) (stating that if a party does not voluntarily pay a judgment, his appeal is not moot). Nor is it applicable if continuation of the appeal would not simply cause the court to venture into the realm of

advisory opinions, that is, if some other issue remains ripe for adjudication. *See Highland Church of Christ v. Powell*, 640 S.W.2d at 237 (refusing to hold the appeal moot because, among other things, a "final decision in this case may give guidance regarding the future tax liability of Highland on this property"); *Employees Fin. Co. v. Lathram*, 369 S.W.2d 927, 930 (Tex. 1963) (holding that payment rendered the appeal moot because there remained nothing to try if the judgment were reversed and the cause remanded for new trial); 5 ROY W. MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE §30.19 (1999) (stating that "[a]bsent some remaining controversy," the appellate court must dismiss).

As illustrated by the appellate record and material attached to the motion to dismiss previously filed by Pace, the trial court signed a judgment against Resendez. Therein, it awarded Pace, against Resendez, attorney's fees of $25,000 for the trial of the declaratory action it initiated, $15,000 if an appeal is perfected to an intermediate court of appeals, and $5,000 if the Texas Supreme Court granted a petition for discretionary review. So too did the trial court order that Resendez pay court costs and that the outstanding sums accrue post-judgment interest at 10% per annum until paid. Pace subsequently abstracted the judgment in Bexar County.[3] On June 18, 2002, Resendez paid the sums outstanding under the judgment from the proceeds of several parcels of realty he sold. In turn, Pace executed a document releasing its abstract of judgment. These circumstances, according

---

[3]While Pace abstracted the judgment, it also claims that it never attempted to execute upon the lien created thereby. Consequently, we have nothing before us indicating that Resendez paid the judgment to avoid execution. *See Frank Silvestri Inv., Inc. v. Sullivan*, 486 So.2d 20, 21 (Fla Dist. Ct. App. 5th Dist. 1986) (noting that most courts hold that payments made under threat of execution are involuntary).

7

to Pace, allegedly evinced the voluntary satisfaction of the judgment from which Resendez appealed.

In response, Resendez asserted that immediately prior to closing on the sale of the property alluded to above, he "did not have adequate funds for living expenses [or] . . . to pay off accumulated debt, including debt on the property, or the funds necessary to operate any business . . . ." The "property being sold" was his "only immediate source of these funds," and it "was absolutely necessary for [him] to make the sale to survive," Resendez continued. Furthermore, the sales contract executed by Resendez and the buyer purportedly required that any liens against the property be satisfied from the sale's proceeds. In short, Resendez argued that he paid the judgment under "implied duress."

At first blush, one may deduce from these allegations that Resendez was faced with the choice of either paying the judgment or foregoing personal "surviv[al]." Yet, such a conclusion would not necessarily be accurate for his affidavit also indicates that the sale of the land could have proceeded despite the Pace judgment and lien created thereby. One may infer this from Resendez' comment that upon discovery of the judgment lien "the buyers . . . attempted to lower the purchase price, which [he] refused to do." Nowhere does Resendez suggest that the buyers refused to proceed unless the lien was paid. Nor did he insinuate that acceptance of the reduced offer of the buyer would not have allowed him to "survive," pay his debts, and satisfy his living expenses. Nor were we provided with an itemization of his liabilities or assets with which to assess the veracity of his representations about impoverishment and need. Rather, Resendez spoke in generalities and conclusions which, under the law, are of little probative value. *See Aldridge v. De Los*

8

*Santos*, 878 S.W.2d 288, 296 (Tex. App.– Corpus Christi 1994, writ dism'd w.o.j.) (holding that conclusions contained in an affidavit have no probative value). Thus, one can reasonably conclude that Resendez opted to pay the Pace judgment simply to maximize his recovery from the sale of the land and not to secure his purported survival. Because of this and given the conclusory nature of the allegations in Resendez' affidavit, we cannot say that payment of the judgment was involuntary.

Furthermore, the obstacles which previously barred our dismissing the appeal, or at least this portion of it, have gone. That is, we have disposed of the issues unrelated to the question of attorney's fees adversely to Resendez. So, we now dismiss, as moot, that portion of the appeal which deals with the validity of the trial court's decision to award Pace attorney's fees.

Accordingly, issue one, including its subparts, is overruled. Issue two is dismissed as moot. Finally, the judgment of the trial court is affirmed.

Brian Quinn
Justice