OLD REPUBLIC INSURANCE CO. V. DONNA FAGAN






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-364-CV
 
OLD REPUBLIC INSURANCE CO.   
                                                     APPELLANT
V.
DONNA FAGAN
                                                                              
  APPELLEE
------------
FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
In this workers' compensation case, Old Republic Insurance Company appeals a
summary judgment in favor of Donna Fagan. In two issues, Old Republic asserts
the trial court erred (1) by granting the motion for summary judgment, and (2)
by failing to make and file findings of fact and conclusions of law. We will
affirm.
Background
Fagan was employed by Jet Works Aviation. She claimed to have suffered an
injury to her neck on October 25, 2000 when in the course and scope of her
employment she twisted her neck while bending down to pick up a piece of paper.
Fagan sought benefits under the Texas Workers' Compensation Act for a
work-related injury. See Tex. Lab. Code Ann. §§ 401.001-506.001
(Vernon 1996 & Supp. 2003). Old Republic was Jet Works Aviation's workers'
compensation carrier. Old Republic disputed Fagan's claim, raising two issues:
(1) did Fagan sustain a compensable injury, and (2) did Fagan suffer disability
from such injury? The contested case hearing officer decided both issues in
Fagan's favor, and the appeals panel affirmed the contested case hearing
officer's decision.
Old Republic appealed the appeals panel's decision to the trial court. Fagan
moved for summary judgment, asserting that there was no evidence Old Republic
could prove the two contested issues. The trial court granted Fagan's motion for
summary judgment. CR 68] Old Republic timely requested findings of fact and
conclusions of law, but the trial court did not make or file them. Old Republic
did not file a notice of past due findings of fact and conclusions of law.
Discussion
In its first issue, Old Republic asserts that the trial court erred by
granting summary judgment in Fagan's favor. The gist of Old Republic's argument
is that Fagan did not sustain a compensable injury because she was not injured
during the course and scope of her employment.
We construe Fagan's motion for summary judgment as a no-evidence motion for
summary judgment because the sole ground for the motion is that Old Republic
produced no evidence controverting the contested issues: that Fagan suffered an
on-the-job injury and was disabled as a result of that injury. See Tex.
R. Civ. P. 166a(i); Welch v. Coca-Cola Enters., 36 S.W.3d 532, 536
(Tex. App.--Tyler 2000, pet. dism'd by agr.). After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant's claim or defense. Tex. R. Civ.
P. 166a(i). The motion must specifically state the elements for which there is
no evidence. Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material fact.
See Tex. R. Civ. P. 166a(i) cmt.; S.W. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002).
When a party seeks judicial review of a decision of the commission appeals
panel, the only issues before the trial court are those decided by the
commission appeals panel. Tex. Lab. Code Ann. § 410.302 (Vernon 1996). Thus, as
the appealing party, Old Republic had the burden of proof in the trial court to
prove by a preponderance of the evidence that Fagan did not suffer a compensable
on-the-job injury and that she was not disabled as a result of such an injury. Id.
§§ 410.302, 410.303.
Fagan attached her affidavit to her motion for summary judgment. In the
affidavit, Fagan stated under oath that she sustained an injury to her neck and
upper back while performing her job duties within the course and scope of her
employment. She also stated that her immediate supervisor, Pris Galbreath,
witnessed the accident when it occurred and that Chris Hoskins, Tom Haefele, and
Galbreath observed her with an ice pack strapped to her neck later that day. She
also quoted from and attached the authenticated medical records of a doctor who
treated her: "It is felt that Ms. Fagan strained her upper back and neck
while at work and that her injuries are directly related to her
employment."
In its response, Old Republic argued that Fagan's injury did not occur in the
course and scope of her employment; therefore, it was not a compensable injury. See
id. § 401.011(10) (Vernon Supp. 2003). In support of its response, Old
Republic attached and incorporated the affidavits of Dorothy Ann Leong, M.D.,
Galbreath, Hoskins, Haefele, and Don Mitchell.
Dr. Leong stated under oath that she had reviewed Fagan's medical records at
Old Republic's request and confirmed Fagan's injuries, but opined that "the
question remains" as to whether Fagan was injured on-the-job. Galbreath
stated that she did not witness a work-related injury, and "the incident
[Fagan] claims took place, i.e. her bending over to pick up a piece of paper
while I was at the printer, did not occur." Haefele stated that he did see
Fagan with an ice pack on her neck; Hoskins stated that he did not see her with
an ice pack. Galbreath, Hoskins, Haefele, and Mitchell all stated that Fagan did
not report an on-the-job injury to any of them on October 25.
Viewing this evidence in the light most favorable to Old Republic, we hold
that Old Republic failed to meet its burden to bring forward more than a
scintilla of probative evidence raising a genuine issue of material fact
concerning whether Fagan sustained a compensable injury. See Johnson, 73
S.W.3d at 197; Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000); see
also Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio
1998, pet. denied). At most, this evidence shows that none of the Old Republic
affiants witnessed the injury and that Fagan did not report the injury to them
the day it allegedly occurred. We overrule Old Republic's first issue.
In its second issue, Old Republic asserts that the trial court erred by
failing to make and file findings of fact and conclusions of law. Findings of
fact and conclusions of law are not appropriate in summary judgment proceedings.
IKB Indus., Ltd. v. Pro-Line Corp., 938 S.W.2d 440, 441-42 (Tex. 1997);Linwood
v. NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994). Therefore, the trial court
did not err by failing to make or file them. Accordingly, we overrule Old
Republic's second issue.
Conclusion
Having overruled both of Old Republic's issues, we affirm the trial court's
judgment.
 
  
                                                        ANNE
GARDNER
  
                                                        JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.
DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.