NO. 07-02-0168-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 24, 2003


______________________________



RAUL RESENDEZ a/k/a RESENDEZ & ASSOCIATES


 a/k/a RESENDEZ & ASSOCIATES, INC.,



 Appellant


v.



PACE CONCERTS, INC., SFX ENTERTAINMENT, INC.,


 and PACE CONCERTS, LTD., 



 Appellees

_________________________________



FROM THE 215TH DISTRICT COURT OF HARRIS COUNTY;



NO. 00-14235; HON. LEVI J. BENTON, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Raul Resendez a/k/a Resendez & Associates a/k/a Resendez &
Associates, Inc. appeals from a summary judgment granted in favor of Pace Concerts, Inc.,
SFX Entertainment, Inc., and Pace Concerts, Ltd. The dispute involved whether Resendez
and Pace entered into a ten-year partnership to promote various musical concerts
worldwide. Pace argued, among other things, that any agreement between the parties
was unenforceable due to the Statute of Frauds and sought a declaratory judgment. In
turn, Resendez sought damages under various theories of law. The only one pertinent
here is fraudulent inducement. Upon hearing Pace's motion for summary judgment, the
trial court concluded that the Statute of Frauds did indeed bar enforcement of the
partnership agreement described by Resendez for it was not in writing. So too did it award
Pace attorney's fees under the authority of the Uniform Declaratory Judgments Act. 

 Resendez now presents us with two issues. The first concerns the Statute of
Frauds and its effect upon a claim of fraudulent inducement. The second involves the
award of attorney's fees. For the reasons which follow, we overrule issue one and its
subparts, dismiss issue two as moot, and affirm the judgment of the trial court.

Issue One -- Statute of Frauds and Fraud in the Inducement


 a. Benefit of the Bargain Damages Allegedly Recoverable Despite Statute

 We first address Resendez' contention that "benefit of the bargain damages are
recoverable for fraudulent inducement regardless of whether the fraudulently induced
agreement is enforceable under the Statute of Frauds" and conclude that they are not. 
That conclusion is all but dictated by the recent Supreme Court decision in Haase v.
Glazner, 62 S.W.3d 795 (Tex. 2001). There, the court expressly held that "the Statute of
Frauds bars a fraud claim to the extent the plaintiff seeks to recover as damages the
benefit of a bargain that cannot otherwise be enforced because it fails to comply with the
Statute of Frauds." (2) Id. at 799. It so held after reasoning that a plaintiff's receipt of
damages measured by the benefit of the bargain was tantamount to enforcing a contract
rendered unenforceable by the Statute of Frauds. Id. And, to permit the use of a particular
cause of action (in this case a fraud claim) to, in effect, enforce a contract unenforceable
due to the Statute of Frauds would be to render the Statute of Frauds meaningless. Id. 
So, it held that the Statute barred the plaintiff from recovering the benefit of his bargain. 
The same reasoning is no less applicable when the cause of action being pursued is fraud
occurring in the inducement of a contract and the damages sought are measured by the
benefit of the bargain.

 Fraudulent inducement is a mere sub-species of fraud, in general. Id. at 798-99.
And, assuming one can recover damages equal to the benefit of the bargain under both
theories, no practical distinction exists between the effect of seeking those particular
damages under either theory. In other words, and like the claimant in Haase, Resendez
is no less trying to do that which is barred by the Statute of Frauds; he is, for all practical
purposes, trying to enforce the agreement by recovering the benefit he would have
received under the contract. It does not matter that Resendez claims fraud in the
inducement, as opposed to fraud, because the result is the same; in each instance, the
Statute of Frauds is being deprived of any effect. And, it was that result which the
Supreme Court sought to prevent from occurring in Haase. So, Haase not only guides our
decision here but also compels us to conclude that Resendez cannot assert fraud in the
inducement to recover damages measured by the benefit of the bargain when the contract
manifesting the bargain is unenforceable due to the Statute of Frauds.



 b. Statute of Frauds Allegedly Inapplicable

 Next, we consider Resendez' contention that "the Statute of Frauds does not
preclude enforcement of the partnership agreement because the statute . . . cannot be
used as an engine of fraud." The extent and meaning of this contention is somewhat
unclear. Nevertheless, we derive two potential aspects from it. The first involves whether
the Statute of Frauds applies when the party seeking recovery avers a claim sounding in
fraud. The second concerns whether partial performance of the agreement rendered the
Statute inapplicable. Irrespective of which one Resendez actually intended to pursue,
neither obligates us to reverse the summary judgment. 

 As to the former, we again look to Haase as controlling. There, the Supreme Court
had before it one seeking damages purportedly arising from fraud and another attempting
to defeat the claim by invoking the Statute of Frauds. The latter won. So, in effect, the
Supreme Court permits application of the Statute in those situations wherein a party seeks
damages recompensing a purported fraud. 

 As to the matter of partial performance of an oral agreement, we acknowledge that
such may insulate the agreement against the Statute of Frauds. See e.g., Hooks v.
Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116 (1921) (involving the conveyance of
realty); Welch v. Coca-Cola Enterprises., Inc., 36 S.W.3d 532, 539 (Tex. App.- Tyler 2000,
no pet.) (involving the placement of vending machines on school property for five years). 
Yet, before it can be so insulated, several criteria must be satisfied. For instance, 1) the
party attempting to enforce the accord must have acted in reliance upon it and suffered a
substantial detriment for which there is no adequate remedy and 2) his opponent must be
in the position of reaping an unearned benefit if the Statute is applied. Exxon Corp. v.
Breezevale Ltd., 82 S.W.3d 429, 439 (Tex. App.- Dallas 2002, pet. denied); Welch v.
Coca-Cola Enterprises., Inc., 36 S.W.3d at 539. So too must it be shown that the
complainant's partial performance was unequivocally referable to the agreement and
corroborative of the fact that the contract was actually made. Chevalier v. Lane's Inc., 147
Tex. 106, 213 S.W.2d 530, 533-34 (1948); Exxon Corp. v. Breezevale Ltd., 82 S.W.3d at
439. Furthermore, since Resendez raised the spectre of part performance in an effort to
defeat Pace's demand for summary judgment based on the Statute of Frauds, the burden
lays with him to present evidence sufficient to raise a question of fact upon each of the
various criteria mentioned. See Bates v. Schneider Nat'l Carriers, Inc., 95 S.W.3d 309,
312 (Tex. App.- Houston [1st Dist.] 2002, no pet.) (stating that if the summary judgment
movant establishes his affirmative defense as a matter of law, then the non-movant must
present evidence that raises a fact issue to avoid the defense); Whittenburg v. Cessna Fin.
Corp., 536 S.W.2d 444, 445 (Tex. App.- Houston [14th Dist.] 1976, writ ref'd n.r.e.) (stating
that where the non-movant has alleged an affirmative defense, he must offer proof that
there is a material fact issue on that affirmative defense). Yet, he did not do so. That is,
he neither discussed the criteria mentioned in Chevalier, Exxon, or Welch when asserting
that the Statute of Frauds cannot be "an engine of fraud" nor cited us to any evidence
purporting to illustrate the existence of each criteria at bar. More importantly, it is not our
duty to search the record for such unmentioned evidence. Casteel-Diebolt v. Diebolt, 912
S.W.2d 302, 305 (Tex. App.- Houston [14th Dist.] 1995, no pet.). Thus, Resendez failed
to carry his burden on appeal of illustrating how and why his claim of part performance
barred the trial court from rendering summary judgment.

Issue Two -- Attorney's Fees


 In his second issue, Resendez contends that the trial court improperly awarded
attorney's fees under the Declaratory Judgments Act. This is so, Resendez argues,
because Pace requested a judgment declaring that the parties were not currently and had
never been partners. Instead of so concluding, the trial court purportedly assumed there
was a partnership agreement but held it unenforceable since it violated the Statute of
Frauds. Pace argues that this portion of the appeal should be dismissed because
Resendez voluntarily paid the judgment. We agree.

 Generally, when a judgment debtor voluntarily pays and thereby satisfies a
judgment rendered against him, the cause becomes moot and must be dismissed. 
Continental Cas. Co. v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987); Highland Church of
Christ v. Powell, 640 S.W.2d 235, 236 (Tex. 1982); Tubb v. Vinson Exploration, Inc., 892
S.W.2d 183, 184-85 (Tex. App.-El Paso 1994, writ denied). This rule exists to prevent a
litigant who "freely decided to pay a judgment" from "mislead[ing] his opponent into
believing that the controversy is over . . . ." Highland Church of Christ v. Powell, 640
S.W.2d at 236 (emphasis added). Yet, if payment is involuntary, the rule does not apply. 
Riner v. Briargrove Park Property Owners, Inc., 858 S.W.2d 370 (Tex. 1993) (stating that
if a party does not voluntarily pay a judgment, his appeal is not moot). Nor is it applicable
if continuation of the appeal would not simply cause the court to venture into the realm of
advisory opinions, that is, if some other issue remains ripe for adjudication. See Highland
Church of Christ v. Powell, 640 S.W.2d at 237 (refusing to hold the appeal moot because,
among other things, a "final decision in this case may give guidance regarding the future
tax liability of Highland on this property"); Employees Fin. Co. v. Lathram, 369 S.W.2d 927,
930 (Tex. 1963) (holding that payment rendered the appeal moot because there remained
nothing to try if the judgment were reversed and the cause remanded for new trial); 5 Roy
W. McDonald & Elaine A. Carlson, Texas Civil Practice §30.19 (1999) (stating that
"[a]bsent some remaining controversy," the appellate court must dismiss). 

 As illustrated by the appellate record and material attached to the motion to dismiss
previously filed by Pace, the trial court signed a judgment against Resendez. Therein, it
awarded Pace, against Resendez, attorney's fees of $25,000 for the trial of the declaratory
action it initiated, $15,000 if an appeal is perfected to an intermediate court of appeals,
and $5,000 if the Texas Supreme Court granted a petition for discretionary review. So too
did the trial court order that Resendez pay court costs and that the outstanding sums
accrue post-judgment interest at 10% per annum until paid. Pace subsequently abstracted
the judgment in Bexar County. (3) On June 18, 2002, Resendez paid the sums outstanding
under the judgment from the proceeds of several parcels of realty he sold. In turn, Pace
executed a document releasing its abstract of judgment. These circumstances, according
to Pace, allegedly evinced the voluntary satisfaction of the judgment from which Resendez
appealed. 

 In response, Resendez asserted that immediately prior to closing on the sale of the
property alluded to above, he "did not have adequate funds for living expenses [or] . . . 
to pay off accumulated debt, including debt on the property, or the funds necessary to
operate any business . . . ." The "property being sold" was his "only immediate source of
these funds," and it "was absolutely necessary for [him] to make the sale to survive,"
Resendez continued. Furthermore, the sales contract executed by Resendez and the
buyer purportedly required that any liens against the property be satisfied from the sale's
proceeds. In short, Resendez argued that he paid the judgment under "implied duress." 
 At first blush, one may deduce from these allegations that Resendez was faced with
the choice of either paying the judgment or foregoing personal "surviv[al]." Yet, such a
conclusion would not necessarily be accurate for his affidavit also indicates that the sale
of the land could have proceeded despite the Pace judgment and lien created thereby. 
One may infer this from Resendez' comment that upon discovery of the judgment lien "the
buyers . . . attempted to lower the purchase price, which [he] refused to do." Nowhere
does Resendez suggest that the buyers refused to proceed unless the lien was paid. Nor
did he insinuate that acceptance of the reduced offer of the buyer would not have allowed
him to "survive," pay his debts, and satisfy his living expenses. Nor were we provided with
an itemization of his liabilities or assets with which to assess the veracity of his
representations about impoverishment and need. Rather, Resendez spoke in generalities
and conclusions which, under the law, are of little probative value. See Aldridge v. De Los
Santos, 878 S.W.2d 288, 296 (Tex. App.- Corpus Christi 1994, writ dism'd w.o.j.) (holding
that conclusions contained in an affidavit have no probative value). Thus, one can
reasonably conclude that Resendez opted to pay the Pace judgment simply to maximize
his recovery from the sale of the land and not to secure his purported survival. Because
of this and given the conclusory nature of the allegations in Resendez' affidavit, we cannot
say that payment of the judgment was involuntary.

 Furthermore, the obstacles which previously barred our dismissing the appeal, or
at least this portion of it, have gone. That is, we have disposed of the issues unrelated to
the question of attorney's fees adversely to Resendez. So, we now dismiss, as moot, that
portion of the appeal which deals with the validity of the trial court's decision to award
Pace attorney's fees. 

 Accordingly, issue one, including its subparts, is overruled. Issue two is dismissed
as moot. Finally, the judgment of the trial court is affirmed.

 Brian Quinn

 Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The court did not prevent recovery of "out-of-pocket" damages, however. Haase v. Glazner, 62
S.W.3d 795, 796 (Tex. 2001). 
3. While Pace abstracted the judgment, it also claims that it never attempted to execute upon the lien
created thereby. Consequently, we have nothing before us indicating that Resendez paid the judgment to
avoid execution. See Frank Silvestri Inv., Inc. v. Sullivan, 486 So.2d 20, 21 (Fla Dist. Ct. App. 5th Dist. 1986)
(noting that most courts hold that payments made under threat of execution are involuntary). 



e synergistic
instruction in its charge to the jury was not necessary to instruct the jury on the law
applicable to the case. Because inclusion of the instruction was not necessary, its 
inclusion was error because it constituted an impermissible comment on the weight of the
evidence. See Tex. Code Crim. Proc. Ann. articles 36.14, 38.04, and 38.05 (Vernon 2007).
          III.      Harm Analysis
          Because Appellant timely objected to the inclusion of the synergistic effect
instruction, we must now determine whether that error was “calculated to injure the rights
of Appellant,” or whether Appellant “has not had a fair and impartial trial.” Tex. Code Crim.
Proc. Ann. art. 36.19 (Vernon 2006). This means that there must be no more than some
harm to the accused from the error. In other words, an error which has been properly
preserved by objection will call for reversal as long as the error is not harmless. Almanza,
686 S.W.2d at 171. “[T]he actual degree of harm must be assayed in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed by the
record of the trial as a whole.” Id. In analyzing harm under Almanza, neither the State nor
the defense has a burden to show harm. Warner v. State, 245 S.W.3d 458, 464
(Tex.Crim.App. 2008).
          In a single paragraph addressing harm, Appellant argues the State relied upon a
theory that the effect of taking Adderall, “when combined with the introduction of alcohol
into his system, produced intoxication.” We disagree.
          Viewing the entire jury charge, we find the application paragraph properly focused
the jury upon the issue of whether the Appellant had lost the normal use of his mental or
physical faculties. The evidence introduced at trial clearly supports the conclusion that the
Appellant consumed alcohol immediately prior to his arrest and that he had, in fact, lost the
normal use of his mental and physical faculties. Furthermore, evidence pertaining to
Adderall and its effect upon Appellant centered primarily around trying to explain his sleepy
condition, as opposed to trying to establish or refute any synergistic effect. 
          The State’s theory, as alleged in the information, was that the Appellant was
intoxicated “by reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other
substance.” The State’s theory did not rely upon a synergistic effect between alcohol and
Adderall. Because the issue was whether or not Appellant had lost the normal use of his
mental or physical faculties, it did not matter whether the alcohol or the drug, or a
combination of the two, caused that loss of use. Accordingly, any error in the submission
of the synergistic effect instruction was harmless, and Appellant’s sole issue is overruled.
 Conclusion
 
          The trial court’s judgment is affirmed. 
          
                                                                                      Patrick A. Pirtle                                                                                                   Justice 
 
Do not publish.