NO. 07-07-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 22, 2008

______________________________


RODDY PIPPIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 46TH DISTRICT COURT OF HARDEMAN COUNTY;

NO. 3880; HONORABLE JUANITA PAVLICK, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
ORDER DIRECTING FILING OF SUPPLEMENTAL CLERKâS RECORD
Â 
Â Â Â Â Â Â Â Â Â Â Pending before this Court is Appellantâs Motion to Supplement Clerkâs Record in
which he requests supplementation of the clerkâs record. We grant the motion. 
Â Â Â Â Â Â Â Â Â Â Appellant notes that the trial courtâs letter ruling of October 11, 2007, was omitted
from the clerkâs record despite his request that it be included. Pursuant to Rule 34.5(c) of
the Texas Rules of Appellate Procedure, we direct the District Clerk of the 46th Judicial
District Court to prepare a supplemental clerkâs record including the October 11, 2007
ruling of the trial court. The supplemental clerkâs record shall be filed with the Clerk of the
this Court on or before June 23, 2008.
Â Â Â Â Â Â Â Â Â Â Appellant also requests an extension of time in which to file Appellantâs brief
following supplementation of the record. The request is granted to June 30, 2008.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



ecies of fraud, in general. Id. at 798-99.
And, assuming one can recover damages equal to the benefit of the bargain under both
theories, no practical distinction exists between the effect of seeking those particular
damages under either theory. In other words, and like the claimant in Haase, Resendez
is no less trying to do that which is barred by the Statute of Frauds; he is, for all practical
purposes, trying to enforce the agreement by recovering the benefit he would have
received under the contract. It does not matter that Resendez claims fraud in the
inducement, as opposed to fraud, because the result is the same; in each instance, the
Statute of Frauds is being deprived of any effect. And, it was that result which the
Supreme Court sought to prevent from occurring in Haase. So, Haase not only guides our
decision here but also compels us to conclude that Resendez cannot assert fraud in the
inducement to recover damages measured by the benefit of the bargain when the contract
manifesting the bargain is unenforceable due to the Statute of Frauds.



 b. Statute of Frauds Allegedly Inapplicable

 Next, we consider Resendez' contention that "the Statute of Frauds does not
preclude enforcement of the partnership agreement because the statute . . . cannot be
used as an engine of fraud." The extent and meaning of this contention is somewhat
unclear. Nevertheless, we derive two potential aspects from it. The first involves whether
the Statute of Frauds applies when the party seeking recovery avers a claim sounding in
fraud. The second concerns whether partial performance of the agreement rendered the
Statute inapplicable. Irrespective of which one Resendez actually intended to pursue,
neither obligates us to reverse the summary judgment. 

 As to the former, we again look to Haase as controlling. There, the Supreme Court
had before it one seeking damages purportedly arising from fraud and another attempting
to defeat the claim by invoking the Statute of Frauds. The latter won. So, in effect, the
Supreme Court permits application of the Statute in those situations wherein a party seeks
damages recompensing a purported fraud. 

 As to the matter of partial performance of an oral agreement, we acknowledge that
such may insulate the agreement against the Statute of Frauds. See e.g., Hooks v.
Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116 (1921) (involving the conveyance of
realty); Welch v. Coca-Cola Enterprises., Inc., 36 S.W.3d 532, 539 (Tex. App.- Tyler 2000,
no pet.) (involving the placement of vending machines on school property for five years). 
Yet, before it can be so insulated, several criteria must be satisfied. For instance, 1) the
party attempting to enforce the accord must have acted in reliance upon it and suffered a
substantial detriment for which there is no adequate remedy and 2) his opponent must be
in the position of reaping an unearned benefit if the Statute is applied. Exxon Corp. v.
Breezevale Ltd., 82 S.W.3d 429, 439 (Tex. App.- Dallas 2002, pet. denied); Welch v.
Coca-Cola Enterprises., Inc., 36 S.W.3d at 539. So too must it be shown that the
complainant's partial performance was unequivocally referable to the agreement and
corroborative of the fact that the contract was actually made. Chevalier v. Lane's Inc., 147
Tex. 106, 213 S.W.2d 530, 533-34 (1948); Exxon Corp. v. Breezevale Ltd., 82 S.W.3d at
439. Furthermore, since Resendez raised the spectre of part performance in an effort to
defeat Pace's demand for summary judgment based on the Statute of Frauds, the burden
lays with him to present evidence sufficient to raise a question of fact upon each of the
various criteria mentioned. See Bates v. Schneider Nat'l Carriers, Inc., 95 S.W.3d 309,
312 (Tex. App.- Houston [1st Dist.] 2002, no pet.) (stating that if the summary judgment
movant establishes his affirmative defense as a matter of law, then the non-movant must
present evidence that raises a fact issue to avoid the defense); Whittenburg v. Cessna Fin.
Corp., 536 S.W.2d 444, 445 (Tex. App.- Houston [14th Dist.] 1976, writ ref'd n.r.e.) (stating
that where the non-movant has alleged an affirmative defense, he must offer proof that
there is a material fact issue on that affirmative defense). Yet, he did not do so. That is,
he neither discussed the criteria mentioned in Chevalier, Exxon, or Welch when asserting
that the Statute of Frauds cannot be "an engine of fraud" nor cited us to any evidence
purporting to illustrate the existence of each criteria at bar. More importantly, it is not our
duty to search the record for such unmentioned evidence. Casteel-Diebolt v. Diebolt, 912
S.W.2d 302, 305 (Tex. App.- Houston [14th Dist.] 1995, no pet.). Thus, Resendez failed
to carry his burden on appeal of illustrating how and why his claim of part performance
barred the trial court from rendering summary judgment.

Issue Two -- Attorney's Fees


 In his second issue, Resendez contends that the trial court improperly awarded
attorney's fees under the Declaratory Judgments Act. This is so, Resendez argues,
because Pace requested a judgment declaring that the parties were not currently and had
never been partners. Instead of so concluding, the trial court purportedly assumed there
was a partnership agreement but held it unenforceable since it violated the Statute of
Frauds. Pace argues that this portion of the appeal should be dismissed because
Resendez voluntarily paid the judgment. We agree.

 Generally, when a judgment debtor voluntarily pays and thereby satisfies a
judgment rendered against him, the cause becomes moot and must be dismissed. 
Continental Cas. Co. v. Huizar, 740 S.W.2d 429, 430 (Tex. 1987); Highland Church of
Christ v. Powell, 640 S.W.2d 235, 236 (Tex. 1982); Tubb v. Vinson Exploration, Inc., 892
S.W.2d 183, 184-85 (Tex. App.-El Paso 1994, writ denied). This rule exists to prevent a
litigant who "freely decided to pay a judgment" from "mislead[ing] his opponent into
believing that the controversy is over . . . ." Highland Church of Christ v. Powell, 640
S.W.2d at 236 (emphasis added). Yet, if payment is involuntary, the rule does not apply. 
Riner v. Briargrove Park Property Owners, Inc., 858 S.W.2d 370 (Tex. 1993) (stating that
if a party does not voluntarily pay a judgment, his appeal is not moot). Nor is it applicable
if continuation of the appeal would not simply cause the court to venture into the realm of
advisory opinions, that is, if some other issue remains ripe for adjudication. See Highland
Church of Christ v. Powell, 640 S.W.2d at 237 (refusing to hold the appeal moot because,
among other things, a "final decision in this case may give guidance regarding the future
tax liability of Highland on this property"); Employees Fin. Co. v. Lathram, 369 S.W.2d 927,
930 (Tex. 1963) (holding that payment rendered the appeal moot because there remained
nothing to try if the judgment were reversed and the cause remanded for new trial); 5 Roy
W. McDonald & Elaine A. Carlson, Texas Civil Practice §30.19 (1999) (stating that
"[a]bsent some remaining controversy," the appellate court must dismiss). 

 As illustrated by the appellate record and material attached to the motion to dismiss
previously filed by Pace, the trial court signed a judgment against Resendez. Therein, it
awarded Pace, against Resendez, attorney's fees of $25,000 for the trial of the declaratory
action it initiated, $15,000 if an appeal is perfected to an intermediate court of appeals,
and $5,000 if the Texas Supreme Court granted a petition for discretionary review. So too
did the trial court order that Resendez pay court costs and that the outstanding sums
accrue post-judgment interest at 10% per annum until paid. Pace subsequently abstracted
the judgment in Bexar County. (3) On June 18, 2002, Resendez paid the sums outstanding
under the judgment from the proceeds of several parcels of realty he sold. In turn, Pace
executed a document releasing its abstract of judgment. These circumstances, according
to Pace, allegedly evinced the voluntary satisfaction of the judgment from which Resendez
appealed. 

 In response, Resendez asserted that immediately prior to closing on the sale of the
property alluded to above, he "did not have adequate funds for living expenses [or] . . . 
to pay off accumulated debt, including debt on the property, or the funds necessary to
operate any business . . . ." The "property being sold" was his "only immediate source of
these funds," and it "was absolutely necessary for [him] to make the sale to survive,"
Resendez continued. Furthermore, the sales contract executed by Resendez and the
buyer purportedly required that any liens against the property be satisfied from the sale's
proceeds. In short, Resendez argued that he paid the judgment under "implied duress." 
 At first blush, one may deduce from these allegations that Resendez was faced with
the choice of either paying the judgment or foregoing personal "surviv[al]." Yet, such a
conclusion would not necessarily be accurate for his affidavit also indicates that the sale
of the land could have proceeded despite the Pace judgment and lien created thereby. 
One may infer this from Resendez' comment that upon discovery of the judgment lien "the
buyers . . . attempted to lower the purchase price, which [he] refused to do." Nowhere
does Resendez suggest that the buyers refused to proceed unless the lien was paid. Nor
did he insinuate that acceptance of the reduced offer of the buyer would not have allowed
him to "survive," pay his debts, and satisfy his living expenses. Nor were we provided with
an itemization of his liabilities or assets with which to assess the veracity of his
representations about impoverishment and need. Rather, Resendez spoke in generalities
and conclusions which, under the law, are of little probative value. See Aldridge v. De Los
Santos, 878 S.W.2d 288, 296 (Tex. App.- Corpus Christi 1994, writ dism'd w.o.j.) (holding
that conclusions contained in an affidavit have no probative value). Thus, one can
reasonably conclude that Resendez opted to pay the Pace judgment simply to maximize
his recovery from the sale of the land and not to secure his purported survival. Because
of this and given the conclusory nature of the allegations in Resendez' affidavit, we cannot
say that payment of the judgment was involuntary.

 Furthermore, the obstacles which previously barred our dismissing the appeal, or
at least this portion of it, have gone. That is, we have disposed of the issues unrelated to
the question of attorney's fees adversely to Resendez. So, we now dismiss, as moot, that
portion of the appeal which deals with the validity of the trial court's decision to award
Pace attorney's fees. 

 Accordingly, issue one, including its subparts, is overruled. Issue two is dismissed
as moot. Finally, the judgment of the trial court is affirmed.

 Brian Quinn

 Justice

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. Â§75.002(a)(1) (Vernon Supp. 2003). 
2. The court did not prevent recovery of "out-of-pocket" damages, however. Haase v. Glazner, 62
S.W.3d 795, 796 (Tex. 2001). 
3. While Pace abstracted the judgment, it also claims that it never attempted to execute upon the lien
created thereby. Consequently, we have nothing before us indicating that Resendez paid the judgment to
avoid execution. See Frank Silvestri Inv., Inc. v. Sullivan, 486 So.2d 20, 21 (Fla Dist. Ct. App. 5th Dist. 1986)
(noting that most courts hold that payments made under threat of execution are involuntary).